ANTHONY P. GENTILE *vs.* RENT CONTROL BOARD OF SOMERVILLE & another.[1]

Middlesex.    March 6, 1974. — May 22, 1974.

Present: REARDON, QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Rent Control. Equity Jurisdiction,* Declaratory relief, Review of action of rent control board. *Landlord and Tenant,* Eviction. *District Court,* Appeal to Superior Court. *Administrative Board. Constitutional Law,* Due process of law. *Summary Process.*

The Appellate Division of a District Court correctly dismissed for lack of jurisdiction a report by a judge of a District Court of a complaint filed against a rent control board under St. 1970, c. 842, § 10. [346, n. 3]

Chronic late payment of rent by a tenant constituted "just cause" under St. 1970, c. 842, § 9 (a) (10) for issuance of a certificate of eviction by a rent control board to a landlord; the landlord's purpose in seeking possession of the premises was "not in conflict with the provisions and purposes" of the Rent Control Act. [346-348]

Upon an application to a rent control board by a landlord under St. 1970, c. 842, § 9 (b), for a certificate of eviction to recover possession of a controlled rental unit, the board is not obliged to grant the tenant an adversary "trial type" hearing; any constitutional right to an ad-

---

[1] In addition to the Rent Control Board of Somerville, the landlord of the plaintiff is named as a defendant.

versary hearing is satisfied by the provision in § 10 for a judicial review of any action by the board on the filing of a complaint by an aggrieved person. [348-349]

All questions concerning the grant or denial of an application to a rent control board by a landlord for a certificate of eviction to recover possession of a controlled rental unit should be determined on a complaint filed against the board under St. 1970, c. 842, § 10 (a); a circumstance listed in § 9 (a) as warranting issuance of a certificate should not be placed in dispute in a summary process action unless it is normally an issue which would be open in such action. [349-350]

COMPLAINT filed in the District Court of Somerville on September 3, 1971.

On appeal to the Superior Court the case was heard by *Bennett*, J.

*John L. Mason, Jr.*, for the plaintiff.

*Andrew E. Braum* for the Rent Control Board of Somerville.

WILKINS, J.    This appeal requires an interpretation of certain provisions of the Rent Control Act (St. 1970, c. 842), an act which permits the control of rents and evictions in cities and certain towns which accept its provisions. See St. 1970, c. 842, § 2. The plaintiff, a tenant in an apartment subject to rent control in the city of Somerville, contends that the Rent Control Board of Somerville (board) was not lawfully authorized to issue a certificate of eviction in favor of his landlord and that the board had a constitutional obligation to conduct an adversary or "trial-type" hearing before issuing that certificate of eviction. This proceeding was presented to the Superior Court on a statement of agreed facts, constituting a case stated. The plaintiff appeals from a final decree declaring that the eviction certificate was validly granted and that the plaintiff was not deprived of any rights by the board.

The essential facts are as follows. About May 19, 1971, the plaintiff's landlord (the landlord) filed with the board an application for a certificate of eviction against the plaintiff (the tenant). He stated that the tenant was "always behind" and that the rent was due on the first of the month. About May 24, 1971, the tenant, after service of

notice of the application, filed a "tenant's response form" with the board in which he stated that his rent was paid up to July 1, 1971; that he had been unable to make timely rent payments in the past because of his hospitalization and inability to work; that his landlord understood the situation and consented to late rent payments; and that the threat of eviction was raised by the landlord only after a disagreement stemming from the tenant's "rolling back his rent in accordance with . . . [c. 842]." The board requested the landlord to advise it whether the rent had been accepted up to July 1, 1971. On June 9, 1971, the landlord replied to the board that he had not agreed to tardy rent payments; that he had monthly commitments to a bank; that the May and June rent payments were made after the tenant had received notice of the application for an eviction certificate "just to be able to say he had his rent paid." The landlord accompanied his response with a schedule showing that rent payments had been late for each month since February, 1970. In the statement of agreed facts, the tenant admits making late rent payments "nearly every month from June of 1970 until May of 1971," when the application for a certificate of eviction was filed. It is also agreed that the landlord sent an eviction notice in September, 1970, but withdrew it on receipt of his rent. There was no agreement in the statement of agreed facts that the landlord acceded to the late payment of rent. The date Somerville accepted the Rent Control Act does not appear in the statement of agreed facts.

On June 9, 1971, at a regularly scheduled meeting of the board, the board granted a certificate of eviction to the landlord. The tenant received no notice of the supplemental information filed by his landlord and had no opportunity to respond. No statement of reasons or findings of fact were given to the tenant. The board acted on the documents submitted by the landlord and the tenant without conducting any hearing.[2]

---

[2] The procedure followed by the board generally calls for a written application from the landlord; service of notice on the tenant; an opportunity for a written

On or about August 16, 1971, the landlord commenced a summary process action in the District Court of Somerville, and a finding for the landlord was made on August 26, 1971. The tenant appealed to the Superior Court (see G. L. c. 239, § 5), where the action is still pending.

On or about September 3, 1971, the tenant filed this proceeding in the District Court of Somerville (see St. 1970, c. 842, § 10) challenging the granting of the certificate of eviction. In November, 1971, a judge found for the board. After a report to the Appellate Division of the District Court was dismissed for lack of jurisdiction, the tenant appealed to the Superior Court where, as indicated previously, a decree adverse to him was entered. [3]

The tenant argues that no certificate of eviction should have been issued because late payment of rent, even chronic late payment of rent, is not a statutory ground for the issuance of such a certificate. Clearly under the Rent Control Act a certificate of eviction may be issued by a rent control board only if one or more of the ten circumstances described in § 9 (a) of the act exist. Of these ten circum-

response from the tenant; a screening of the case by the board's executive director which might lead to a request for further information (of which each side is to be notified); and action by the board on the basis of the documents submitted. All documents are open to inspection by the parties or their counsel. Although the board's meetings are open to the public, no member of the public is allowed to address the board.

[3] The Appellate Division was clearly correct in dismissing the report. Section 10 (a) of the Rent Control Act provides that any person aggrieved by any action, regulation or order of the board may file a complaint in the District Court which shall have exclusive original jurisdiction over the proceedings. The complaint, therefore, must be filed in the appropriate District Court and there is no right of removal to the Superior Court before a determination is made there. Section 10 (a) further provides that "[a]ll orders, judgments and decrees of such district court may be appealed as is provided in the case of a civil action in such district court." Because this complaint had to be entered in the District Court, the appeal, as in the case of a civil action "which could not have been removed to the superior court," is to the Superior Court (and not to the Appellate Division) where it is to be tried "as if originally commenced there." G. L. c. 231, § 97. *Mancini* v. *Columbus Auto Body, Inc.* 359 Mass. 586, 588 (1971). See *Freedman* v. *Rent Control Admr. of Cambridge,*      Mass. App. Ct.      ,      (1973) (298 N. E. 2d 868, 869).

No question has been raised by the board as to the jurisdiction of the Superior Court to consider the appeal, although we note that that appeal may not have been seasonably claimed. See G. L. c. 231, § 97. We pass by this point, believing that the substantive issues are recurring ones on which we should speak even if the Superior Court may have lacked jurisdiction.

stances only two are arguably applicable here. Subsection (1) of § 9 (a) would allow the issuance of a certificate of eviction if "the tenant has failed to pay the rent to which the landlord is entitled." Subsection (10) would allow such an issuance if "the landlord seeks to recover possession for any other just cause, provided that his purpose is not in conflict with the provisions and purposes of this act." The tenant argues that his rent was paid up when the certificate of eviction was issued and that late payment of rent cannot have been intended by the Legislature as a ground for eviction from a controlled rental unit.

We believe that the tenant's failure to pay rent on time "nearly every month" for a year prior to the filing of the application for a certificate of eviction justifies issuance of a certificate of eviction under subsection (10). Such a chronic late payment of rent is a "just cause" and the landlord's purpose is not "in conflict with the provisions and purposes of this [rent control] act."[4] The tenant argues that because subsection (1) justifies the issuance of a certificate only for failure "to pay the rent to which the landlord is entitled," it would conflict with subsection (1) to permit "other just cause" under subsection (10) to include late payment of rent. Accepting the plaintiff's contention that the late payment of rent is not included within the language of subsection (1), a point which we need not decide, we see no conflict in including within the "other just cause[s]" of subsection (10) chronic late payment of rent, a situation which could be substantially more adverse to the landlord's interest than nonpayment of a single rental obligation. We note that subsection (10) deals with a "conflict" not in terms of a conflict between "any other just cause" and the first nine subsections of § 9 (a) but rather in terms of a conflict between the landlord's purpose and "the provisions and purposes of this act." We

---

[4] The Superior Court judge made dual rulings. He ruled "as a de novo matter, that the certificate of eviction was properly granted under . . . [subsection (10)] of the Rent Control Act." He also ruled "[a]s a matter of judicial review of a decision of an administrative body . . . that the written evidence before the . . . Board was sufficient . . . to justify the issuance of the certificate of eviction."

see no conflict here between the landlord's purpose in seeking possession of the premises (which, from all that appears, will continue to be a "controlled rental unit") and the provisions and purposes of the Rent Control Act.[5]

We turn then to the question whether the tenant was entitled to an adversary hearing before the board, including the right to present witnesses and cross-examine the landlord's witnesses. The tenant does not argue that the Rent Control Act explicitly provides for an adversary hearing before the board. We believe that the Legislature did not intend that there be an adversary hearing before a rent control board considering an application for a certificate of eviction under § 9. This conclusion is supported by the requirement of an adversary or "trial-type" hearing on consideration of a petition for adjustment of rent under § 8 (see § 8 [d]) and the absence of such a requirement in the very next section of the act concerning evictions.

The tenant bases his argument in support of a hearing requirement on constitutional grounds of procedural due process. He claims that he was constitutionally entitled to a hearing before the board. We note first that the tenant has not established that there was a contested question of fact as to which a hearing was needed. He has not pressed his claim that the eviction was prompted by vindictiveness of the landlord due to the tenant's "rolling the rent back" under the Rent Control Act. Moreover, the tenant agreed in

---

[5] Although we do not pass on the question whether late payment of rent may properly be a ground for the issuance of a certificate of eviction under subsection (1) of § 9 (a), there are circumstances involving a late rental payment or payments in which a certificate of eviction would properly be denied. For example, if it appears to a rent control board that a tenant at will has tendered or paid the rent in full prior to the board's action on the landlord's application for a certificate of eviction, a certificate of eviction might appropriately be denied in many instances. General Laws c. 186, § 12, provides that tender or payment of the rent in full by a tenant at will within five days of the receipt of a notice to quit bars recovery of possession, unless a similar notice to quit has been received within the twelve months before the notice to quit on which the action is based. See G. L. (Ter. Ed.) c. 186, § 11, for somewhat similar provisions as to a tenant holding under a written lease. In this case, the tenant received a notice to quit in September, 1970, which was within twelve months of the entry of the landlord's summary process action in August, 1971 (and hence within twelve months of the notice to quit sent to the tenant). Consequently the certificate of eviction involved in this case could not have properly been denied on the ground that, because the rent had been paid in full, a summary process action would fail.

the Superior Court to all the facts, including the fact of his late payment of rent "nearly every month" for a year. However, assuming that the tenant had some possible constitutional ground for obtaining an adversary hearing, we believe that the Rent Control Act satisfies any constitutional right to an adversary hearing by providing for a hearing in the course of judicial review of the board's action. Section 10 provides that any person aggrieved by any action of a rent control board may file a complaint against the board in an appropriate district court. That court is to have exclusive jurisdiction over such proceedings and may take such action with respect to the complaint "as is provided in the case of the superior court under provisions of . . . [G. L. c. 231A]." In this circumstance if there is a relevant question of fact in dispute which was resolved by the board without an adversary hearing, the District Court (and the Superior Court appeal from the District Court) should decide that question after trial unaffected by the decision of the board.[6]

Although it is not necessary to a resolution of this case, there is the question of the right of a tenant to raise in his

---

[6] Standards applicable in a judicial review of agency action such as are found in the State Administrative Procedure Act (G. L. c. 30A) are not appropriate in review of a rent control board's decision, made without a hearing on an application for a certificate of eviction. The Administrative Procedure Act is not applicable here because the board is not an "agency" as defined in G. L. c. 30A, § 1. Moreover, a rent control board exercises relatively little administrative discretion in passing on an application for a certificate of eviction. Section 9 (b) requires that the certificate be issued if the board finds that the facts attested to in the landlord's petition are valid and in compliance with paragraph (a). While judicial review may sometimes be intended to involve less than a trial de novo (particularly in the case of a State administrative agency), the pattern of the procedures prescribed by the Rent Control Act indicates a legislative intent to require a court hearing, unaffected by the board's action. The Rent Control Act does not provide for a record of proceedings before a rent control board or for a hearing on an application for a certificate of eviction. Court proceedings are to be held pursuant to the statute relating to declaratory relief, G. L. c. 231A, and not pursuant to the review procedures of the State Administrative Procedure Act (G. L. c. 30A). Moreover, if the Legislature intended "judicial review" to be based on the record before the rent control board, it is unlikely that the Legislature would have provided for successive review in the District Court and the Superior Court.

The availability of a plenary State judicial hearing, in the absence of an administrative hearing, has been held sufficient to provide procedural due process to a tenant subject to threatened eviction from public or Federally subsidized housing. *McQueen* v. *Druker*, 317 F. Supp. 1122, 1131 (D. Mass. 1970), affd. on other grounds, 438 F. 2d 781 (1st Cir. 1971). *Johnson* v. *Tamsberg*, 430 F. 2d 1125, 1127 (4th Cir. 1970).

defence in a summary process action the absence of any circumstance described in § 9 (a) which would justify the issuance of a certificate of eviction. Because the landlord's summary process action is still pending in the Superior Court (and because a full hearing there on all disputed issues in this action might be claimed), we believe it advisable to comment on the relationship of a summary process action to judicial review of certificate of eviction proceedings. Section 9 (a) provides that "[n]o person shall bring any action to recover possession of a controlled rental unit unless . . . [any one of the ten listed circumstances exists]." This provision, standing alone, suggests that a landlord must prove the existence of such a condition in order to prevail in his summary process action. However, if that were so, "judicial review" would be available in the summary process action, and there would be no need to provide, as the Rent Control Act does, for the right of a tenant to obtain separate judicial review of the action of a board in granting a certificate of eviction. We believe that the Legislature intended that all questions concerning the grant or denial of an application for a certificate of eviction should be determined on a complaint filed against the board under § 10 (a). Thus, if a board issues a certificate of eviction, no one of the ten circumstances described in § 9 (a) may be placed in dispute in the summary process action, unless it is normally an issue which would be open in a summary process action.[7]

From what we have said it is clear that the certificate of eviction was issued on a ground set forth in St. 1970, c. 842, § 9 (a), and that the Rent Control Board of Somerville was not obliged to grant the tenant an adversary "trial-type" hearing.

*Decree affirmed.*

[7] If a complaint is filed under § 10 (a) challenging the issuance of the certificate, in many instances that complaint and any related summary process action may be consolidated for trial.