John MOULTON
vs.
BROOKLINE RENT CONTROL
BOARD, ET AL[1]

Case No. 261

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

January 7, 1981

[1]The other defendant is Babcock Street Associates Trust.

112

Jeffrey Jocobsen for the plaintiff.
Philip S. Lapatin for the defendant.

Present: Lee, P.J., Welsh, J., and Black, J.

## OPINION

WELSH, J. This is a petition for judicial review of a decision by the defendant Brookline Rent Control Board granting a certificate of eviction to the defendant Babcock Street Associates Trust.

The Brookline Rent Control Board filed an answer denying, **inter alia**, that its decision was arbitrary, capricious, or unsupported by substantial evidence, or otherwise contrary to the law.[2]

Babcock Street Associates filed an answer raising certain factual issues concerning whether or not plaintiff's apartment was included in a certain master deed converting the real estate in question into a condominium agreeable to General Laws Chapter 183A and of notice to the plaintiff of intent to convert to condominium usage.

The trial court, sitting in review of the administrative decision, affirmed the decision of the Rent Control Board, reaching the same conclusion upon somewhat different grounds.

1. We pause to consider the question of whether appellate divisions of the district courts have jurisdiction to review rent control board cases. Rent control boards derive their existences from ordinances or by-laws whereby the municipality accepts the provisions of one or more of the several enabling statutes. The enabling statute typically sets out the manner in which judicial review may be had as regards decisions of rent control boards. Such an enabling statute is found in St. 1970, c. 842. That statute permits municipalities having a population of 50,000 or over to accept its provisions, thereby establishing a rent and eviction control system. It invests the district court in whose jurisdiction lies the rental unit subject to rent control with exclusive original jurisdiction to review the decisions of rent control boards. St. 1970, c. 842, § 10 (a). It has been held that under St. 1970, c. 842, appellate divisions do not have jurisdiction to review the decisions of district courts in passing upon actions of rent boards because the party seeking review is **compelled** to bring the action in the district court. For this reason, the avenue of "appeal"[3] is to the superior court and not the appellate division. **Gentile v. Rent**

---

[2] The rent control board did not participate in appellate argument before this division.

[3] The matter is then determined in the superior court as if originally commenced there.

Control Board of Somerville, 365 Mass. 343, 346, n.3 (1974); Black v. Zuker, 48 Mass. App. Dec. 156, 161-168 (1972).

The instant case arises out of a rent control board proceeding under a different enabling statute. St. 1970, c. 843 is directed toward rent and eviction control in the Town of Brookline only. There is an excellent discussion of the genesis of c. 843, which was enacted virtually simultaneously with c. 842, in the case of Marshal House, Inc. v. Rent Control Board of Brookline, 358 Mass. 686, 697-699 (1971). Unlike § 10(a) of c. 842, the language used in § 5 of c. 843 provides that the Municipal Court of Brookline has original jurisdiction concurrently with the superior court of petitions for review brought pursuant to section 14 of Chapter 30A of the General Laws. Since the element of compulsion as to forum for review is absent, we hold that the appellate division has jurisdiction to review the actions of the rent control board which were submitted to the Municipal Court of Brookline for review initially. See, Donnelly v. Montague, 305 Mass. 14, 16 (1940). Compare, Hatfield v. Klimoski, 338 Mass. 81, 83-84 (1958). We perceive no anomaly in the fact that different appellate channels appertain, depending upon the initial choice of forum. See, Sherman v. Rent Control Board of Brookline, 367 Mass. 1, 7 fn. 9 (1975).

2. We proceed to a consideration of the merits. The Supreme Judicial Court, speaking through Justice Kaplan, held that the sort of judicial review in rent adjustment cases is a limited one. ". . . The court's proper role is not to take evidence afresh and decide for itself what rent is to be fixed, but is rather to decide whether the board's decision was supported by the facts before it and was legally justified." Sherman v. Rent Control Board of Brookline, 367 Mass. 1, 10 (1975). That opinion suggests, by way of dicta, that since under c. 843, both eviction and rent adjustment cases are wholly under the State Administrative Procedures Act a limited judicial review pertains. Id. p. 12, fn. 11. The Sherman standard of judicial review was expressly reaffirmed in Zussman v. Rent Control Board of Brookline, 371 Mass. 632, 635 (1976).

The Rent Control Board held a hearing and found that the landlord sought to recover possession of the apartment of the plaintiff to demolish or otherwise remove the unit from housing use. This was the ground relied upon by the landlord in his application and at the hearing. Article XXXVIII of the Rent and Eviction Control By-law, section 9(a)(9), provides, inter alia, that no person shall bring an action to recover possession of a controlled rental unit unless; "(9) the landlord seeks to recover possession to demolish or otherwise remove the unit from housing use." The board, in effect, determined that its finding of a definite intent on the part of the landlord to remove the unit from housing use obviated any necessity to examine whether the landlord's purpose conflicted with the provisions and purposes of the rent control by-law.[4]

In a memorandum the trial judge affirmed the board's action concluding that it could not be said that the board's action was without adequate support in the evidence and was not unlawful. The judge suggested strongly that certain inconsistencies as to the reason for eviction, espoused by the landlord created grounds for doubt as to the veracity of the landlord, but he felt that to invalidate the certificate of conviction would be to countenance an unlawful use.[5]

In administrative reviews of this sort, determination of the credibility of witnesses or the weight to be accorded their testimony are not for the reviewing court. Nor is it significant that the judge reviewing the action of the agency might well have reached a different conclusion or drawn different inferences from the testimony if he were hearing the matter as a finder of fact for the agency. A full evidentiary adversary hearing

----

[4]Section 9(a)(10) of Article XXXVIII provides in effect a certificate of eviction may issue if:
"(10) the landlord seeks to recover possession for any other just cause, provided that his purpose is not in conflict with the provisions and purposes of the rent control by-law and provided that a master deed for a condominium in conformance with the provisions of Chapter 183A of the General Laws ... shall not be deemed just cause hereunder."

[5]There was evidence that there was the lack of a required alternate egress.

apparently took place before the hearings examiner of the board. The sole issues on review are whether or not the board's decision is supported by substantial evidence in the record, whether or not procedural due process was observed in the conduct of the adjudicatory hearing, and whether or not the findings or conclusion are vitiated by any error of law. See, **Sherman v. Rent Control Board of Brookline,** 367 Mass. 1, 10. Judicial review of facts in rent control cases does not extend to the taking of evidence de novo. **Zussman v. Rent Control Board of Brookline, supra,** p. 637.

The only issue of law that this record presents for review is whether the board was unduly restrictive in its approach by limiting its consideration to whether or not the landlord possessed a definite intention to demolish or otherwise remove the unit from housing use. This approach was based upon the board's interpretation that evictions under § 9(a)(9) of Art. XXXVIII need not meet the additional requirement imposed by § 9(a)10, to wit, that the landlord's purpose not be in conflict with the provisions and purposes of the rent control by-law. if this additional requirement had to be met, then Article XXXVIII, § 9(a) (11), which created a moratorium on condominium conversions, would come into play, arguably forestalling the issuance of a certificate of eviction.

We think the approach taken by the board is legally sound. The entire section 9(a) of the by-law specifies 10 separate bases for granting a certificate of eviction. Clearly, each basis was intended to stand independently. In other words, there is no requirement that all or some combination of the various bases indicated be met in order to secure a certificate of eviction. It is enough that the requirements of any one of the bases be met. All of the subsections are fairly specific with the exception of subsection 10, which relates to an eviction sought for some purpose other than those specified in the various other subsections of section 9. Significantly, only subsection 10, the so called "catch-all" provision, contains the requirement that the landlord's purpose not be in conflict with the provisions and purposes of the rent control law. Specifically

excluded as a basis for eviction on the grounds of "other just cause" are evictions for purposes associated with condominium conversions. We conclude that the limitations of subsection 10, to wit, (a) that the purpose of the landlord not be inconsistent with the purposes and provisions of the rent control by-law and (b) that it not be for purposes of a condominium conversion, apply to proceedings where the certificate of eviction is sought under the "other just cause" subsection.[6] Compare, **Mayo v. Boston Rent Control Administrator,** 365 Mass. 575, 578 (1974). This conclusion is reinforced by the language of § 9(a)(11), which reads as follows:

"Notwithstanding any other provision in section 9(a), plans for the creation of a condominium, the conversion of a dwelling unit to a condominium or the owner of a condominium seeking to recover possession of a condominium, **for any purpose,** shall not be the basis for the eviction of any tenant **under paragraphs (8) and (10)** in this section 9(a), prior to June 15, 1979, at which time the provisions of this paragraph (11) shall terminate and expire."

Section 9(a)(11) was inserted in the by-law by virtue of an amendment approved by the town on November 14, 1978 and became effective January 3, 1979. Had the town intended to engraft upon the various subsections other than (8) and (10) the additional requirements indicated in (10) or (11) the language italicized would be nugatory and without purpose.

We think the conclusion we reach best achieves the overall purposes of the statutory scheme. We take judicial notice that securing a certificate of eviction is but a first step in what can sometimes be a protracted judicial proceeding for an eviction. Notwithstanding rent control, the courts should and generally do carefully weigh all the equities involved and have considerable

---

[6]It may be argued that in framing § 9(a)(9) and the other specific categories the legislative authorities have already determined that evictions sought under those specific grounds are not in violation of the provisions and purposes of the by-law.

latitude in fashioning relief in eviction proceedings that strive to protect the legitimate interests of both the landlord and the tenant. A proceeding limited in scope before the rent control board would tend to avoid duplication of effort by confining its inquiry to those specific bases specified in the statute. Understandably, a somewhat broader scope of inquiry is mandated in those cases where the reason for eviction does not neatly fit into any of the other more specific categories.

The fact that the reviewing court below reached its conclusion to affirm the board's decision by a somewhat different route is not significant. The judgment affirming the decision of the board appears to be correct in law. A remand for articulation of the decision reached upon another basis would amount to judicial redundancy.

In judicial reviews pursuant to G.L. c. 30A, the trial court's function is comparable to that of an appellate court. Since the same record is available both to the appellate division and the trial court, and the factual basis does not turn on questions of credibility of testimony before the trial court, the appellate division is in much the same position as it is in determining a case upon an agreed statement of fact. The sole issue is whether the judgment that was entered was correct in law. We are satisfied that the correct judgment was entered in this case. See, Zussman v. Rent Control Board of Brookline, 371 Mass. 632, 641-642 (1976) regarding successive appellate review in rent control cases.

There being no prejudicial error the judgment is affirmed.

So ordered.
Edward A. Lee, P.J.
Robert A. Welsh, Jr., J.
Charles E. Black, J.