HAL B. DECKER *vs.* BOSTON RENT BOARD & another. January 7, 1982. The plaintiff, having been denied a certificate of eviction by the defendant Boston Rent Board, appealed to the Housing Court Department, Boston Division, which affirmed that denial. In his present appeal, the plaintiff contends (1) that certain of the judge's findings of fact lack support in the evidence and (2) that the judge's finding that the plaintiff's intention to occupy the premises was not made in good faith "was based on erroneous conclusions of law."

1. The plaintiff's brief cites two instances in which, he asserts, the judge's findings are not supported by the evidence. As to one he is correct, and as to the other he is partly so. However, neither of those findings was of such significance as to substantially affect the judge's conclusion. The errors were clearly harmless.

2. While the judge found that the plaintiff intended to occupy the premises from which he sought to evict the tenant, he further found that this was not his primary purpose. It was found that in seeking to occupy the premises his purpose also was to gain an economic benefit. The judge held that the plaintiff had failed to prove the good faith requirement of the ordinance (c. 15, § 8[a][viii], of the Ordinances of the City of Boston [1975]), which permits the issuance of a certificate of eviction where "the landlord seeks to recover possession in good faith for the use and occupancy of himself . . . ." In his rulings the judge recognized that, if a landlord's primary purpose in evicting his tenant was to recover the premises for his own use, he would be entitled to do so despite the fact that he might as a result realize some economic benefit. See *Yaffe* v. *Lappin*, 324 Mass. 254, 257 (1949). He also considered the plaintiff's stated reasons for desiring the premises and the evidence offered by the plaintiff in support of those reasons, and he found them wanting. The judge did not misunderstand the legal significance of the meaning of the words "good faith" in the con-

text in which they appear in the ordinance (see *Hnos, Inc.* v. *Figueroa,* 233 F.2d 248, 249-250 [1st Cir. 1956]; contrast *Segarra-Serra* v. *Scott,* 242 F.2d 315, 318-319 [1st Cir.], cert. denied, 354 U.S. 940 [1957]), but found that the plaintiff had failed in his burden of proof of facts which would warrant a ruling that he had acted in good faith (*Reilly* v. *Selectmen of Blackstone,* 266 Mass. 503, 511 [1929]; Liacos, Massachusetts Evidence 38-44 [5th ed. 1981]) as is required under c. 15, § 8 (a) (viii), of the Ordinances of the City of Boston. Having read the transcript of the evidence, we cannot say that the findings were clearly erroneous, and we are satisfied that the judge applied the appropriate law in arriving at his conclusion.

*Judgment affirmed.*

*Richard J. Finnegan* for the plaintiff.
*Russell F. Fanara* for Boston Rent Board.