Welsh, J.
This is a petition for judicial review wherein the plaintiff landlord asserts that the Brookline Rent Control Boar d wrongly refused to grant a certificate of eviction, a statutory prerequisite for the commencement of eviction proceedings, St. 1970, c. 843; Rule 2(d)(3), Uniform Summary Process Rules.
The Board answers, in substance, that its findings are supported by substantial evidence in the record and that its conclusion denying the certificate of eviction is warranted in law.
The trial judge held a hearing based on the record of proceedings before the Board and received argument of counsel. G.L.c. 30A, §14(4). In a Memorandum of Decision, the judge affirmed the Board’s denial of the certificate of eviction.[3]
The trial judge’s memorandum of decision indicates that alleged misuse of the shower which was one of the claims relied upon by the plaintiff before the board for a certificate of eviction was abandoned on appeal. We therefore consider in this appeal the remaining ground; that is, whether the record evinces substantial evidence for the board’s finding that the tenant Businger’s consistently and chronically late payment of rent was not opposed by the landlord, thereby constituting a waiver by conduct of its right to obtain a certificate of eviction based upon such late payment. In other words, the question for judicial review is whether or not the board’s determination that the landlord had consistently accepted chronically late rent payments without objection operated to foreclose it from obtaining a certificate of eviction under the “other just cause” provision of the rent control by-law is (a) supported by substantial evidence in the record and (b) legally warranted the board’s denial of a certificate of eviction.
Judicial review of decisions of rent control boards established under St. 1970, c. 843 is in accordance with G.L.c. 30A, § 14, in the same manner as review of the decisions of a state agency. Sherman v. Rent Control Board of Brookline, 367 Mass. 1, 12, fn. 11 (1975); Moulton v. Brookline Rent Control Board, 385 Mass. 228, 229, fn. 3 (1982). Cf. Gentile v. Rent Control Board of Somerville, 365 Mass. 343, 346, fn. 3 (1974). A *112 precise and comprehensive formulation of the proper judicial role in administrative review proceedings was expounded by Tauro, C.J., in the case of Raytheon Co. v. Director of Division of Employment Sec., 364 Mass. 593 (1974), as follows:
In reviewing administrative agency decisions, this and all other courts are required to give ‘due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.’ G.L.c. 30A, § 14(8), inserted by St. 1954, c. 681. § 1. To the extent that an agency finding is one of fact, it must stand unless ‘unsupported by substantial evidence.’ Id., § 14(8)(e). Stated differently, if an agency’s finding of fact is supported by ‘such evidence as a reasonable mind might accept as adequate to support a conclusion’ (Id., §1(6)), it will not be disturbed by a reviewing court. On the other hand, to the extent that an agency determination involves a question of law, it is subject to de novo judicial review. Id., §14(8)(c).
Id., p. 595.
The issue in this case, therefore resolves itself into two subsidiary and interrelated issues: (1) Is there substantial evidence (i.e. such evidence as a reasonable mind might accept as adequate to support the conclusion) that the landlord accepted without objection rent payments that were consistently and chronically late? (2) Does such acquiescence by the landlord (assuming a finding of acquiescence is warranted by substantial evidence) as a matter of law preclude the landlord from obtaining a certificate of eviction on the grounds of such late paymenrs?
We determine that the board’s finding as to acquiescence by the landlord as to iate rent payments is unsupported bv substantial evidence in the record and that the board’s conclusion that the receipt by the landlord of late rent payments without objection forecloses the landlord from obtaining a certificate of eviction is unsound in law'. The board also erred in failing to make findings on the issue whether or not the landlord’s purpose is in conflict with the provisions and purposes of the rent control by-law.
1. We begin our analysis by reviewing the evidence in the record. The tenant Businger resided in his present rent controlled unit since December of 1970. The landlord has owned the apartment complex since 1973. The complex was converted to condominiums in May of 1978.[4] The landlord had previously applied for a certificate of eviction in 1979 on similar grounds, but withdrew its application, when the tenant promised he would faithfully pay the rent on the first of each rental period. The rent record from May 1, 1978-April 1, 1980 showed this promise to be an empty one; the rent payments were not only chronically over-due, but were paid with varying degrees of tardiness from 7 to 20 days. Written notices were sent on numerous occasions to the tenant by the landlord to no avail. These notices informed the tenant that the rent was overdue and that rent must be paid on the due date. On several occasions, the rent checks were dishonored, requiring further aetion by the landlord to obtain payment. At other times, the tenant requested the landlord withhold cashing the checks until a deposit could be made. Although the tenant stated that he never received any complaints from the landlord as to late payments, he admitted under cross examination that he indeed received late notices from the landlord occasionally. This admission is binding upon him, in the sense that it may be disbelieved by the board as the finder of facts only to the proponent’s detriment. Pahigian v. Manufacturers’ Life Ins. Co., 349 Mass. 78, 86-87 (1965); Hultberg v. Truex, 344 Mass. 414, 418 (1962). Even if such statement is not held to be binding upon the tenant as a matter of law[5], the tenant’s acknowledgement on *113 cross examination that he occasionally received late notices (which notices contained an admonition to pay the rent on time), impliedly repudiates his testimony on direct examination which doubtless left the board with the impression that the landlord made no objection to such late payments. We recognize that the board, as the sole finder of facts, has the prerogative to assess credibility and to disbelieve the oral testimony of the landlord. See Smith College v. Massachusetts Commission Against Discrimination, 376 Mass. 221, 224 (1978). However, the rejection of the landlord’s testimony does not permit the inference that the contrary proposition is true, in the absence of substantial evidence supporting such an inference. See Conley v. United Drug Co., 218 Mass. 238, 241 (1914); Kunkel v. Alger, Mass. App. Ct., (1980)[6]. The rule that non-acceptance of testimony does not create substantial evidence to the contrary has been held to be applicable to proceedings before administrative agencies. Salisbury Water Supply Co. v. Department of Public Utilities, 344 Mass. 716, 721 (1962). In determining whether substantial evidence exists, the reviewing court may properly consider whether other evidence in the record so detracts from or controls the evidence relied upon by the board as to undermine it. Cohen v. Board of Registration in Pharmacy, 350 Mass. 246, 253 (1966). We conclude that the board’s finding of acquiescence by the landlord by accepting late rental payments without conditions is unsupported by substantial evidence in the record.
2. The board and the reviewing court erred in concluding that the landlord had a duty to accept the payments of rent conditionally for use and occupancy. As the landlord in his brief points out, the landlord’s right to receive the rent was absolute; he was not required to invoke the remedy of eviction to maintain that right, nor was he obliged to terminate the tenancy and receive payments for use and occupation only as a precondition for maintaining his right to have the rent paid timely. See Paeff v. Hawkins-Washington Realty Co., Inc., 320 Mass. 144, 146 (1946). His forbearance from invoking the remedies of eviction available to a landlord at an earlier stage does not warrant a finding that the landlord relinquished his rights to insist upon full performance of the contract.[7] In 2Gentile v. Rent Control Board of Somerville, 365 Mass. 343 (1974), the Supreme Judicial Court unequivocally held as follows;
We believe that the tenant’s failure to pay rent on time ‘nearly every month’ for a year prior to the filing of the application for a certificate of eviction justifies issuance of a certificate of eviction under subsection (10). Such a chronic late payment of rent is a ‘just cause’ and the landlord’s purpose is not ‘in conflict with the provisions and purposes of this (rent control) act.’
Id., at 347. Chronically late rent payments were clearly within the “other just cause” residuary section of the applicable city ordinance.
We reject the trial court’s attempted distinction between Gentile and the instant case based upon the fact that in Gentile the court was reviewing an award of a certificate of eviction, whereas in the present case, a denial of a certificate is involved, Gentile was determined on a statement of agreed facts. Apart from that, such a distinction might arguably have juridical validity in other contexts. For example, where the board whose action is the subject of judicial review has the discretion to grant relief if certain statutory conditions are met and chooses to grant relief, the reviewing court will usually affirm the board’s action granting relief if the statutory prerequisites are satisfied In such a case, the denial of relief may still be upheld if not arbitrary or capricious, even though all of the statutory conditons for the grant of relief are present. See Ford, Judicial Review in Zoning Variance Cases and Related Matters, 61 Mass. L.Q. 24 (1976). Thus, a case *114 affirming a denial of a variance or special permit must be read carefully due to the residuum of discretion vested by statute in the board. In the present case, no such residuum of discretion is afforded by the law. §9(6) provides that if the conditions specified in the by-laws exist, the board must issue the certificate.
The second basis for distinguishing the Gentile case from the present one offered by the trial judge is somewhat more tenuous. Relying upon certain dicta in Gentile that the unit in question would, for aught that appears, continue to be a rent controlled unit (Gentile, supra, p. 347-348), the trial judge pointed to certain evidence in the record to the effect that the dwelling unit with which the present case is concerned is the last rental unit in the complex, all others having been converted to condominiums. Precisely because it is by way of obiter, reliance upon it is of uncertain value and we think in this instance misplaced. More to the point, as the court’s memorandum acknowledges, the board made no findings as to the relationship, if any, between condominium conversion and the case before it; nor do we intimate that the board should have made such findings. The condominium master deed was recorded in 1978. The by-law anathematizing condominium conversion as a basis for a certificate of eviction is restricted to prosepc-tive application in haec verba to condominium conversions after January, 1980. Article XXXVIII, §9(9)(10)[8] of the by-laws of Brookline. As we intimated in Moulton v. Brookline Rent Control Board, 1981 Mass. App. Div. 8, 10; Aff'd,. 385 Mass. 228 (1982), the function of the judge on review is not to make his own determination as to the credibility, nor to malte independent findings. See McCarthy v. Contributory Retirement Appeal Board, 342 Mass. 45, 49 (1961); Martin v. Director of the Division of Employment Security, 347 Mass. 264, 268 (1964). The judge’s assertion that this is the last rent control unit in a condominium complex was gratuitous at best, since the board did not allude to that circumstance in its decision.
3. The board’s decision is deficient in that it failed to make a finding as to whether or not the landlord’s purpose in seeking the certificate of eviction was in conflict with the provisions and purposes of the rent control by-law. The board’s decision must reflect that it appplied the statutory criteria in arriving at its determination and did not act arbitrarily or capriciously. New York Central Railroad v. Dept. of Public Utilities, 347 Mass. 586, 593 ) 1964). This is clearly a question within the special competence of the board and must be decided by it in the first instance. It is not the prerogative of the court to take over the function of the board. Despatches’ Cafe, Inc. v. Somerville Housing Authority, 332 Mass. 259, 261 (1955).
It is ordered that the judgment affirming the decision of the Brookline Rent Control Board be vacated. A new judgment is to enter annulling the decision of the board and remanding the cause to the board for additional findings of fact on whether the landlord’s purpose in seeking permission to evict is consistent with the provisions and purposes of the rent control by-law, and for further proceedings consistent with this opinion.

So ordered.

 There was some delay in the settlement of the report, pending determination by the Supreme Judicial Court of the judicial effect of failure to comply with certain procedural requirements in Cape Cod Bank & Trust v. Letendre, Mass. Adv. Sh. (1981) 2055. Cf. Wind Innersole & Counter Co. v. Geilich, 317 Mass. 327, 329 (1944).

 The by-law provides condominium conversion was not ‘’just cause” where the master deed was recorded on or after January l, 1980.

 In order for the proponent to bound, there must generally be an affirmative election between the conflicting statements. Sullivan v. Boston Elevated Railway, 224 Mass. 405, 406(1916). Cf. Donovan v. Johnson 301 Mass. 12, 13 (1938).

 Mass. App. Ct. Adv. Sh. (1980) 1173, 1183.

 Had this been a case where the landlord regularly accepted rent on some other day of the month without objection, it might be argued that the terms of the tenancy at will had by implication been modified by the conduct of the parties.

 Article XXXVIII, §9(9)(10) provides, in part:
The landlord seeks to recover possession for any other just cause, provided that his purpose is not in conflict with the provisions and purposes of the rent control by-law; and provided that the recording of a master deed for a condominium ... after January 1,1980 ... shall not be deemed just cause hereunder.