Staff, J.
The plaintiff, having been denied a certificate of eviction by the defendant Brookline Rent Control Board, appealed to the District Court De-partmént, Broc-kline Division, which annulled the decision of the Board and ordered the Board to issue a Certificate of Eviction. The defendants claim applellate review, contending that the decision of the board is supported by substantial evidence and that the judgment of the court is incorrect as a matter of law.
The facts may be summarized as follows: The plaintiff applied for a certificate of eviction to evict the defendant, Mary Sindoni, from controlled rental unit on the ground that: “The landlord seeks to recover possession in good faith for the use and occupancy of himself or his children...,” specifically alleging that he ■ wished the apartment for his daughter.[2]
After hearings, the Board denied the certificate of eviction finding that the plaintiff did not seek possession of the unit in good faith. The plaintiff appealed the Board’s denial by filing a petition for judicial review in the Municipal Court of Brookline. The Board filed its Official Record of the administrative proceedings and after argument was heard, the Court remanded the case back to the Board for a new hearing.
After the new hearing, the Board again denied the certificate of eviction, *358 finding that {he landlord did not seek to recover possession of the unit in good faith for the use and occupancy of his daughter. The Board filed a Supplemental Official Record and after additional argument, the Court annulled the Board’s decision and ordered it to issue a certificate of eviction to the landlord, finding that there was no substantial evidence to support the Board’s decision.
At the various hearings before the Board, evidence was adduced which would tend to support the facts found by the Board which follow:
1. 1803 Beacon Street is a 4-unit building owned by Chaim Fisgeyer.
2. Mary Sindoni has occupied Apt. 2, 1803 Beacon Street, for 19Vi years.
3. The current rent for Apt. 2, 1803 Beacon Street, a three bedroom apartment, is $429 per month exclusive of parking.
4. Mary Sindoni is tenant-at-will.
5. The relationship between the landlord and tenant has deteriorated since Mrs. Sindoni’s husband left the Apartment in September, 1978.
6. Prior to August, 1980, Chaim Fisgeyer filed two applications for certificates of eviction against Mary Sindoni, both of which were denied.
7. In August, 1980, Chaim Fisgeyer filed an application for certificate of eviction pursuant to § 9(a)(8) of Article 38 of the By-laws of the Town of Brookline, stating that he wanted Apt. 2 for his daughter Sheila.
8. On November 4,1980, the Rent Control Board voted to deny this application on the ground that the landlord failed to establish that he sought to recover possession in good faith for the use and occupancy of his daughter.
9. In early 1981, Sheila Fisgeyer shared a one bedroom apartment in Brighton, which rented for $425.
10. In the summer of 1981, Sheila Fisgeyer moved into a two bedroom apartment in the same building in Brighton, which rented for $540 per month and shared with the same roommate.
11. In the Spring of 1981, Apt. 1, 1805 Beacon Street, also owned by Mr. Fisgeyer, became vacant.
12. The maximum allowable rent for Apt. 1, 1805 Beacon Street, a three bedroom apartment, effective January, 1982, was $554 per month.
13. Sheila Fisgeyer did not consider occupying Apt. 1,1805 Beacon Street, at the time it became vacant because its rent was higher than Apt. 2, 1803 Beacon Street.
14. The landlord, Chaim Fisgeyer, presented no evidence and gave no testimony as to his good faith in seeking Apt. 2,1803 Beacon Street, for his daughter, Sheila.
15. The landlord does not seek to recover possession of Apt. 2,1803 Beacon Street, in good faith for the use and occupancy of his daughter.
The primary question which we are called upon to decide is whether the Board’s decision is supported by substantial evidence. Judicial review of the Board’s decision is in accordance with G.L. c. 30A, § 14, Sherman v. Rent Control Board of Brookline, 367 Mass. 1, 12 (1975); Moulton v. Brookline Rent Control Board, 385 Mass. 228, 229 (1982). We believe that the Board’s decision is adequately supported by the evidence presented to it and thus the judgment of the trial court must be reversed.
The evidence before the Board on this issue tended to show that: 1) the plaintiffs application was one of a successive number of previous applications, some based on different grounds; 2) that the relationship between landlord and tenant had substantially deteriorated at the time the application was made; and 3) that other comparable units were available in this same building during the *359 period immediately prior to the time of the application.
The burden of proof is on the landlord, (Wallace v. Boston Rent Board, 1981 Mass. App. Ct. Adv. Sh. 1055, 1057-1058,) and it is the Board’s prerogative to assess credibility and find the facts. Smith College v. Massachusetts Commission Against Discrimination, 376 Mass. 221, 224 (1978). In Kahn v. Brookline Rent Control Board, 1982 Mass. App. Div. 111, 113 (1982), the Board found that the plaintiff-landlord acquiesced in late rental payments. The Appellate Division reversed the trial court’s decision affirming the Board, pointing out that "the rejection of the landlord’s testimony does not permit the inference that the contrary proposition is true, in the absence of substantial evidence supporting such inference.” The Appellate Division, in Kahn, went on to point out that the landlord’s right to receive the rent was absolute, and that the Board’s decision was deficient in that it failed to make prerequisite findings in coming to its conclusion.
Several other points merit discussion. It is argued that the plaintiff s case must fail because he failed to introduce a copy of the Rent Control by-law. While it is true that a court may not take judicial notice of a by-law where a party has the obligation to prove the by-law as part of its prima facie case, the Board which is the factfinder in this case was created by the by-law. Where the by-law, together with the enabling statute, form the very basis of its authority to act, and not merely an element of the case to be proved, the board must take cognizance of them irrespective of the failure of a party to formally introduce the by-law. The cognitive rule is that a court, or other adjudicatory body, always has the power and the obligation to examine, sua sponte, the question of its subject matter jurisdiction, even if such question is not raised by any party. The Nature Church v. Board of Assessors of Belchertown, 1981 Mass. Adv. Sh. 2318; MacDonald v. Carr, 355 Mass. 120, 122 (1969).
The other point deserving comment is that the trial judge at one time in the peregrinations of this case, remanded it to the Board‘ ‘for a new hearing at which evidence shall be taken as to circumstances that have arisen since October 8, 1980.”[3]
Judicial review under G. L. c. 30A, the so-called administrative procedure act, is limited to the decision made by the board and the record transmitted to the reviewing court save in those rare cases in which testimony may be taken by the reviewing court to illuminate some claim of error in the procedure in proceedings before the board or other matters which would not be apparent on the record. The authority to remand the matter to take further evidence is limited to the authority granted in G.L. c. 30A § 14(6) which in general permits the court to order the taking of additional evidence so as to amplify issues already presented for review and does not extend to circumstances arising after the decision of the board. Likewise, the court may remand the matter for further proceedings before the board under Paragraph (7) of G. L. c. 30A, § 14 under certain circumstances, none of which include the taking of further testimony of circumstances occurring after the decision of the Board. The function of judicial review of administrative adjudications is to insure compliance with specific requirements of the law by the board. Chicopee Cooperative Bank v. Board of Bank Incorporation, 347 Mass. 744 749 (1964).
It is ordered that the judgment annulling the decision of the Brookline Rent Control Board be vacated and a new judgment is to enter affirming the decision of the Board.

 Section 9(a)(8) of Article 38 of the By-laws of the Town of Brookline provides in pertinent part: Section 9. Evictions, (a) No person shall bring any action to recover possession of a controlled rent unit unless: (8) the landlord seeks to recover possession in good faith for the use and occupancy of himself or his children, parents, brother, sister, father-in-law, mother-in-law, son-in-law, or daughter-in-law_

 The date of the Board’s findings on the initial hearing.