Staff, J.
This is an appeal from a judgment affirming the decision of the Brookline Rent Control Board (“Board”) which denied a Certificate of Eviction to the plaintiff (“landlord”). The plaintiff claims to be aggrieved by the decision *99 and judgment. We affirm.
The statute and the derivatory by-law creating Brookline’s rental control by-laws as well as the applicable standards are all exhaustively dealt with in earlier cases by the Supreme Judicial Court, as well as, this tribunal. Sherman v. Rent Control Board of Brookline, 367 Mass. 1, 12 n.11 (1975): Moulton v. Brookline Rent Control Board, 385 Mass. 228, 229-233 (1982): Kahn v. Brookline Rent Control Board, 1982 Mass. App. Div. 111: Fisgeyer v. Brookline Rent Control Board, 1983 Mass. App. Div. 357.
The chain of events bringing us to this point was initiated by the landlord sending a new lease to the tenant raising the rent from $325.00 to $500.00 per month. The Board, tipped off by an inquiry of the tenant, took action to require the landlord to register the property under the rent control by-law. The landlord then sought the Certificate of Eviction alleging three grounds:
(1) Tenant failed to pay rent timely.
(2) Tenant was causing a nuisance.
(3) The landlord wanted the premises for his daughter.
At the hearing, held by a staff hearing examiner for the Board, the landlord conceded that the rent was paid and that the alleged nuisance was not sufficient reason to grant the Certificate of Eviction. As to the third ground, the landlord at the hearing on the application for the Certificate of Eviction testified that “The lease that (the tenant) ... was proffered . .. was at the $500.00 rate, which is the reason why we’re here in the first place.”
The Board specifically found that the landlord did not seek to recover possession in good faith for the occupancy of his daughter but that the motive for the eviction was in retaliation for the tenant’s reporting the property to the Board of registration, the subsequent control by the Board of the property and the setting of initial maximum rents lower than what the landlord sought.
The burden of proof is on the landlord, Wallace v. Boston Rent Board, 12 Mass. App. Ct. 13, 15-16 (1981) and it is the Board’s perogative to assess credibility and find the facts. Smith College v. Massachusetts Commission Against Discrimination, 376 Mass. 221,224 (1978). See Decker v. Boston Rent Control Board, 13 Mass. App. Ct. 907 (1982).
We conclude that the Board’s decision contains no error of law and is supported by substantial evidence. The judgment of the reviewing judge of the Brookline Division is affirmed.