RONALD NELSON *vs.* BOSTON RENT EQUITY BOARD
& another.[1]

Suffolk. September 15, 1988. — November 21, 1988.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Rent Control,* Eviction, Judicial review.

On an appeal by a landlord to the Housing Court from a decision of the Boston
rent equity board denying him a certificate of eviction, for which the
landlord had applied pursuant to St. 1969, c. 797, as amended by St.
1970, c. 863, § 3, and St. 1971, c. 843, § 24, the judge correctly ruled
that the landlord was entitled to a hearing de novo and not to a mere
review of the agency decision based on the administrative record before
the board. [426-429]

CIVIL ACTION commenced in the City of Boston Division
of the Housing Court Department on February 9, 1987.

The case was heard by *Patrick J. King,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*James D. Rose (Mark L. Snyder* with him) for Boston Rent
Equity Board.

*Herbert S. Lerman* for the plaintiff.

*Philip S. Lapatin,* for Greater Boston Real Estate Board,
amicus curiae, submitted a brief.

WILKINS, J.    The plaintiff landlord brought this action in
the Boston Division of the Housing Court Department seeking
judicial review of a decision of the defendant Boston rent
equity board (board) denying him a certificate of eviction with
respect to the defendant tenant.

On November 21, 1986, the landlord applied for a certificate
of eviction relying on three of the grounds requiring the issuance
of such a certificate set forth in St. 1969, c. 797, as amended
by St. 1970, c. 863, § 3, and St. 1971, c. 843, § 24. See also

---

[1] Edna Wilkie.

Boston Ordinances c. 34, § 9 (1984). Without such a certificate of eviction a Boston landlord may not maintain an action to recover leased premises subject to rent control. See St. 1969, c. 797, as amended by St. 1970, c. 863, § 3 (*b*). The board denied that application on January 8, 1987, and the landlord appealed.

A judge in the Housing Court decided, over the board's objection, that the landlord was entitled to a hearing de novo before him. The judge held such a hearing and found that the landlord in good faith intended to recover possession of the tenant's apartment for his own use. Because, in such circumstances, a certificate of eviction must be issued (St. 1970, c. 863, § 3 [*b*]), the judge ordered the board to issue one. The board appealed from the resulting judgment, and we transferred that appeal to this court. The tenant has not appealed.

The only issue we need decide in this case is whether the judge was correct in ruling that the landlord was entitled to a hearing de novo and not simply entitled to a review of the agency decision based on the administrative record before the board. We agree with the judge. Thus we do not reach the question whether, because of the procedures that the board followed in this particular case, a hearing de novo was required in any event. No claim is made that, if the landlord was entitled to a hearing de novo, the judge erred in any respect in his findings and rulings.

The statutes enabling Boston to adopt rent control make a distinction between rent control proceedings and eviction proceedings before the rent control agency of the city. That legislation requires a "proper hearing" before the regulatory board on rent regulation issues. See. St. 1969, c. 797, first paragraph, last sentence.[2] No similar language appears in the enabling legislation with respect to proceedings concerned with certificates of eviction. Indeed, from the absence of a parallel reference to a "proper hearing" on eviction matters, the implication may be drawn that no such hearing was intended on applications

---

[2] This sentence is now the fourth sentence in that paragraph (see St. 1970, c. 863, § 2). It was amended in a respect not significant to the issues before us by St. 1971, c. 843, § 23.

for certificates of eviction. That implication is supported by the provision that an "application for a certificate of eviction shall be deemed to have been granted unless denied by the board within thirty days of such application or such shorter period as may be determined by ordinance." St. 1970, c. 863, § 3, amending St. 1969, c. 797. That language suggests that the Legislature intended summary action to be taken on an application for a certificate of eviction. The Legislature's requirement that a decision on such an application must be made in thirty days or less from its filing militates against the board's claim that it may hold a trial-type hearing on such an application and thus develop an administrative record that could be subject to judicial review.

The city ordinance implementing rent control (Boston Ordinances, c. 34 [1984]) recognizes a similar distinction. On request, a landlord or tenant concerned with an individual rent adjustment application may have a hearing before the board (§ 7 [a]) and that hearing must be conducted in accordance with G. L. c. 30A, § 11, cls. (1) through (6) (1986 ed.) (§ 7 [d]). The ordinance deals with eviction matters in § 9, and there it says nothing about a hearing of any type. Section 9 simply provides that, after notice to the tenant, if the board finds that the facts attested to in the landlord's petition are valid and meet at least one of the criteria for issuing a certificate of eviction, the certificate should be issued.

It is thus apparent that neither the enabling statute nor the city ordinance implementing rent control and regulating evictions contemplated that the board would hold adjudicatory hearings on applications for certificates of eviction. The strong inference is that no trial-type hearing was intended in such matters. There is no basis for concluding that the board, through a regulation prescribing a trial-type hearing, could dictate a narrower scope of judicial review of its action on application for certificates of eviction than the de novo review previously available. We need not decide whether the board properly may hold trial-type hearings on such matters as stated in its regula-

tions.[3] We do decide that the landlord's right to a trial de novo is unaffected by the board's regulations.[4]

Opinions of this court, in a way that is consistent with what we decide in this case, have applied a scope of judicial review on appeals of rent determinations by a local board (review on the agency record) that is different from that applied on appeals concerning tenant evictions (de novo trial). See *Zussman* v. *Rent Control Bd. of Brookline,* 371 Mass. 632, 635 (1976) (review of rent level determination on the agency record even when confiscation is alleged); *Sherman* v. *Rent Control Bd. of Brookline,* 367 Mass. 1, 10 (1975) (local board required by statute to hold hearing in rent adjustment proceeding pursuant to G. L. c. 30A, § 11 [1]-[6]; judicial review is on the agency record); *Mayo* v. *Boston Rent Control Adm'r,* 365 Mass. 575, 576 (1974) (rent control enabling act provision for judicial review [St. 1970, c. 842, § 10(*a*)] "clearly provides in eviction matters for a de novo court proceeding"); *Gentile* v. *Rent Control Bd. of Somerville,* 365 Mass. 343, 348-349 (1974) (no statutory requirement in eviction cases of hearing before local board; hearing on appeal of agency action is de novo).[5]

---

[3] The landlord does not argue that the board may not hold a trial-type hearing on an application for a certificate of eviction. He does argue that he is entitled to a trial de novo on appeal to the Housing Court and that by regulation the board may not dictate the scope of review of its decisions. The landlord notes the possibility but does not contend that, because the board did not decide the matter within thirty days of the date of his application, as directed by law, the application should be deemed to have been granted automatically.

[4] The question of the proper scope of judicial review of rent control boards' actions has been dealt with by statutes concerning other Massachusetts municipalities having rent control. A court reviews the action of the Brookline rent control board in rent regulation and eviction matters as if it were a State agency. See St. 1970, c. 843, § 4; *Kahn* v. *Brookline Rent Control Bd.,* 394 Mass. 709, 712 (1985); *Sherman* v. *Rent Control Bd. of Brookline,* 367 Mass. 1, 12 n.11 (1975). Adjudicatory proceedings of the Cambridge rent control board are now subject to judicial review under G. L. c. 30A (1986 ed.), the State Administrative Procedure Act, St. 1985, c. 399, § 3, amending St. 1976, c. 36, § 10. See *Amari* v. *Rent Control Bd. of Cambridge,* 21 Mass. App. Ct. 598, 600 n.6 (1986).

[5] All these cases involve an enabling act allowing rent control at local option in municipalities having populations of 50,000 or more. St. 1970, c. 842, § 2. The relevant language in the 1970 act and the language of the

But cf. *Amari* v. *Rent Control Bd. of Cambridge,* 21 Mass. App. Ct. 598, 602 n.10 (1986) (question whether a particular unit was subject to rent control reviewed on agency record where rent control board held trial-type hearing as provided in its regulations even though there was no enabling act requirement for conducting a trial-type hearing as was the case in the *Sherman* case, *supra,* on which the Appeals Court opinion relies).

*Judgment affirmed.*

---

special act concerning rent control in Boston approved the same day (August 31, 1970) (see St. 1970, c. 863) are not sufficiently different as to make the cited cases inapposite to the issue before us. Contrast the special rent control act for Brookline, also approved on August 31, 1970, applying G. L. c. 30A to the Brookline rent board and to judicial review of its orders in rent regulatory and eviction matters. St. 1970, c. 843, § 4.