JOSEPH ADRIAN CHAMBERLAND *vs.* SELECTMEN OF MIDDLEBOROUGH.

Plymouth. February 5, 1952. — April 9, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Health, Board of. Public Health. License. Food. Certiorari.*

A board of health, upon an application under G. L. (Ter. Ed.) c. 94, §§ 65H, 65I, inserted by St. 1934, c. 373, § 1, by a suitable person for a license to manufacture frozen desserts and ice cream mix at a plant conforming to the prescribed standard of sanitation, had no authority to refuse the license on the sole ground that such plant would constitute a traffic hazard.

The fact that one constructed a plant for manufacturing frozen desserts and ice cream mix after an informal application by him for a license to manufacture such products under G. L. (Ter. Ed.) c. 94, §§ 65H,

65I, inserted by St. 1934, c. 373, § 1, had been denied by the local board of health did not justify a finding that no substantial injury nor manifest injustice was caused him by a subsequent denial of a formal application for a license made by him in conformity to the statute, nor justify dismissal because of such finding of a petition by him for a writ of certiorari under § 65K to quash the later denial.

Dismissal of a petition for a writ of certiorari under G. L. (Ter. Ed.) c. 94, § 65K, inserted by St. 1934, c. 373, § 1, to quash a denial by a board of health of an application for a license to manufacture frozen desserts and ice cream mix under §§ 65H, 65I, was not justified by a finding that the denial did not adversely affect the public interest.

Upon appeal from a judgment dismissing a petition for a writ of certiorari under G. L. (Ter. Ed.) c. 94, § 65K, inserted by St. 1934, c. 373, § 1, to quash a denial by a board of health of an application for a license to manufacture frozen desserts and ice cream mix, this court reversed the judgment and ordered judgment quashing the decision of the board and directing the board to grant the license where the petitioner on the facts was entitled to the license.

PETITION, filed in the Superior Court on July 2, 1951.

The case was heard by *Morton*, J.

*H. C. Gill*, for the petitioner.

*L. F. Callan, Jr.*, Town Counsel, for the respondents, submitted a brief.

RONAN, J. This is an appeal from a judgment entered in the Superior Court dismissing a petition brought under G. L. (Ter. Ed.) c. 94, § 65K,[1] inserted by St. 1934, c. 373, § 1, to quash the decision of the board of selectmen [2] of the town of Middleborough, acting as a board of health by virtue of St. 1920, c. 592, § 3, in refusing to grant a license to the petitioner to manufacture frozen desserts and ice cream mix upon certain premises located at the corner of South Main and East Grove streets, which is also the junction of the State highways known as Route 28 and Route 105.

---

[1] This section, so far as material, provides that "Any person aggrieved by a decision of a local board of health . . . in refusing to grant . . . a license or permit, as the case may be, may, within fifteen days after the entry of such decision, bring a petition in the supreme judicial court for a writ of certiorari to correct errors of law therein, and the provisions of section four of chapter two hundred and forty-nine shall, except as herein provided, apply to said petition. No costs shall be allowed against the local board of health or the department, as the case may be, unless the court finds that it acted with gross negligence or in bad faith."

[2] The petition by agreement of parties was properly dismissed as against Waldo S. Thomas, the town clerk, leaving the selectmen as the remaining respondents.

The statute, G. L. (Ter. Ed.) c. 94, § 65H, inserted by St. 1934, c. 373, § 1, requires every person manufacturing within the Commonwealth frozen desserts and ice cream mix to file annually with the board of health of the city or town in which he manufactures or proposes to manufacture, an application for a license, upon a form prescribed by the department of public health, to manufacture such products in such city or town; and by § 65I of said c. 94 the board of health, if satisfied after inspection that the plant referred to in the application is maintained in accordance with the standards of sanitation prescribed by the rules and regulations of the said department, may grant a license to any suitable applicant. No person shall engage in the business of manufacturing such products without a license from the board of health of the town in which his plant is or is to be located.

It appears from the return and the statement of agreed facts that the petitioner orally applied for a license on November 6, 1950, to the granting of which considerable opposition was presented at the meeting of the selectmen on November 21, 1950; that the board took no action as no proper application was before them; that the petitioner wrote a letter to the board on December 4, 1950, requesting a permit to manufacture and sell such products, and the board on the same day refused the application; that the petitioner on January 26, 1951, made an application on the form approved by the department of public health for a license to manufacture frozen desserts and ice cream mix at the location already mentioned; and that on June 1, 1951, the physician of the board inspected the petitioner's building, which had been completed by that time, and found that the plant was properly equipped and complied with the requirements of the department. It is undisputed that in the opinion of the board the petitioner was a proper person to receive a license; that his plant complied with all the statutory conditions; and that the application was refused for the sole reason that the conduct of the business at that location would constitute a traffic hazard. The judge ruled

that the board in coming to that conclusion was acting "beyond their jurisdiction."

The only issue as stated in the brief of the respondents is whether the board is required to grant a license to one who is found to be a suitable person and whose plant complies with all the requirements of law or whether the board can deny the application because the carrying on of the business, if licensed, would create a traffic hazard.

The power entrusted to the board by the Legislature concerned only matters which related to the public health. The application for a license "shall state that the applicant will manufacture such products only from pure and wholesome ingredients and only under sanitary conditions; shall show the location of each plant in such town at which such products are to be manufactured; and the name of the brand or brands, and the trade or corporation name or names, if any, under which the same are to be sold" (§ 65H). The board was authorized, if satisfied after an inspection of the plant that it complied with the standards of sanitation prescribed by the department of public health, to grant a license "to any suitable applicant therefor" (§ 65I). The board had no authority to consider traffic and was acting beyond its power in denying the application on that ground. The judge was right in so ruling. *Attorney General* v. *Trustees of Boston Elevated Railway,* 319 Mass. 642, 655–656. *Hathaway Bakeries, Inc.* v. *Labor Relations Commission,* 316 Mass. 136, 139. *Scannell* v. *State Ballot Law Commission,* 324 Mass. 494, 501.

The judge, however, found that after the board had refused to grant a license on December 4, 1950, the petitioner commenced and completed the erection of a plant which the evidence showed cost about $20,000, and that the action of the board in refusing on June 25, 1951, to grant the petitioner's formal application did not result in substantial injury or manifest injustice to the petitioner, and consequently ordered the petition dismissed. We cannot agree. The petitioner had a right to file a formal application as he did on January 26, 1951. The construction of his plant

would seem to be necessary before any license could be issued, for the statute provides that the board may grant a license "if satisfied after inspection" that the plant complies with the rules and regulations of the department of public health (§ 65I). It was held in *Deutschmann* v. *Board of Appeals of Canton*, 325 Mass. 297, that a farmer was not barred from relief from an adverse decision of the board of appeals relating to the erection of a roadside stand for the sale of products raised on his farm because pending his appeal from that decision he erected the stand. Here no violation of any zoning by-law was involved because there was none. The petitioner's loss in so far as a license to manufacture is concerned resulted from an erroneous decision of the respondents by which he was deprived of the use of his premises, as was the farmer in the case last cited. We are not now concerned with the question whether the petitioner will ultimately succeed in obtaining a permit to sell his products or to keep open on Sundays if he secures a license to manufacture. The case in this respect resembles *North Shore Corp.* v. *Selectmen of Topsfield*, 322 Mass. 413, where a vote of the selectmen purported to revoke a previous vote to "approve the location of the race track" in that town (G. L. [Ter. Ed.] c. 128A, § 13A, as amended) which they had no power to revoke, and the petitioner was prevented from applying to the State racing commission for a license to conduct a racing meeting. In that case the petitioner had only an option to use the location and a license might never have been granted by the commission. See *McPherson* v. *Street Commissioners of Boston*, 251 Mass. 34, 37.

The further finding of the judge, that the denial of the application did not adversely affect the public interest, adds nothing to the case. The conditions under which a license may be granted are, as we have already stated, defined by the statute, and the board in passing upon an application was confined to determining whether there was a compliance with those conditions.

A person aggrieved by the refusal of a board of health

to grant a license may file a petition for a writ of certiorari to correct errors of law, and the provision of G. L. (Ter. Ed.) c. 249, § 4, as amended by St. 1943, c. 374, § 1, which authorizes the court to "make such order, judgment or decree as law and justice may require," applies. G. L. (Ter. Ed.) c. 94, § 65K. This appeal brings before us all questions of fact, of law, and of discretion. G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4. *Lawrence* v. *Commissioners of Public Works,* 318 Mass. 520. *Karl V. Wolsey Co. Inc.* v. *Building Inspector of Bedford,* 324 Mass. 419. The petitioner upon the undisputed facts was entitled to a license.

The decision of the board of selectmen acting as a board of health ought not to stand. *Sesnovich* v. *Board of Appeal of Boston,* 313 Mass. 393. The judgment entered in the Superior Court is reversed. Judgment is to be entered without costs quashing the decision and ordering the respondents to grant the license.

*So ordered.*