Young's Court, Inc. *vs.* Outdoor Advertising Board.

Bristol.    February 10, 1976. — March 10, 1976.

Present: Hale, C.J., Keville, & Armstrong, JJ.

*State Administrative Procedure Act. Sign. Regulation. Words, "May."*

The Outdoor Advertising Board erred in denying a permit for a sign in an area zoned "unrestricted." [134]

Bill in equity filed in the Superior Court on November 30, 1973.

The suit was heard by *Taveira,* J.

*Peter L. Paull, Jr.,* for the plaintiff.

*Ellyn R. Weiss,* Assistant Attorney General, for Outdoor Advertising Board.

HALE, C.J.   This is an appeal from a judgment of the Superior Court which, pursuant to G. L. c. 30A, § 14, set aside in part a decision of the Outdoor Advertising Board (board).

In March, 1972, Young's Court, Inc. (Young's), filed applications with the board for two temporary and two annual sign permits. Those applications dealt with two signs, one on Reed Road in the town of Dartmouth and the other on Route 177 in the town of Westport, which would advertise Young's motel business. The executive director of the board denied all four applications. Pursuant to G. L. c. 93, § 29A, Young's requested a hearing before the full board. A hearing was held on February 13, 1973, and on October 30, 1973, the board denied all four permit applications.

Young's filed a petition for review pursuant to G. L. c. 30A, § 14, in the Superior Court. After holding a hearing and taking a view, a Superior Court judge set aside the board's decision with respect to the sign on Route 177 and affirmed the board's decision with respect to the sign on Reed Road. From that judgment both Young's and the board appealed. At oral argument the correctness of the judge's decision concerning the Reed Road sign was conceded. Hence we need only consider the judge's ruling concerning the sign on Route 177.

We have before us the evidence and record which were before the board. Our review is limited to determining whether the board's decision involved error of law, was supported by substantial evidence, or was an abuse of discretion. See *Selectmen of Truro* v. *Outdoor Advertising Bd.* 346 Mass. 754, 758 (1964).

Young's is a Massachusetts corporation engaged in the operation of a motel business on Route 6 in Westport. The board is an agency of the Commonwealth operating under the authority granted by G. L. c. 93, §§ 29-33, and G. L. c. 93D. The sign in question is located on Route 177 across from the Saint George School in Westport in an area zoned "unrestricted," and the sign conforms to the Westport zoning by-law.

Following the hearing the applications were denied by the board relying on Regulation 5A of its rules and regulations,[1] which allows the board to grant sign permits only in areas determined to be "of a business character." Whether an area is "of a business character" depends on the applicability of either of two criteria set out in the second paragraph of Regulation 5A. Although noting that the area met the first of those criteria, in that it was zoned "unrestricted," the board found "the area to be predominantly residential or agricultural in use" and denied the application. Acting under the authority of G. L. c. 30A, § 14 (7), the Superior Court set aside the board's decision as being unsupported by substantial evidence and an abuse of discretion. We affirm, but on the ground that the decision was based on an error of law.

The board argues that the proviso contained in Regula-

---

[1] Regulation 5A read as follows: "The Division [board] may grant permits for the erection of billboards, signs or other advertising devices only in areas determined to be of a business character by the Division.

"The area in which the proposed billboard, sign or other device is to be located may be determined to be of a business character (1) if the area is zoned by any city or town to permit any business, industrial or commercial activity or (2) with respect to areas not so zoned, wherever there are two or more separate business, industrial or commercial activities conducted on the property of the proposed location of the billboard, sign or other device or on other properties within a distance of 500 feet (measured from the nearest property line of such other properties) from such proposed location, including properties on the opposite side of the highway within 500 feet of a point thereon directly opposite such proposed location, except as the Division may determine the area consisting of the portions of all properties within a distance of 500 feet from such proposed location, or within a distance of 500 feet from a point on the opposite side of the highway directly opposite such proposed location, to be predominantly residential or agricultural in use.

"It is expressly declared to be the policy of the Division that outdoor advertising is a permitted use in areas zoned for any business, industrial or commercial activity and in areas not so zoned but of a business character within the meaning of this paragraph and further that outdoor advertising is not a permitted use in other areas."

Amendments to the board's regulations (including Regulation 5A) became effective October 1, 1973. The board in its decision stated that "[a]pplication of the amended rules would not affect the findings contained herein," and neither party questioned the correctness of that statement.

tion 5A ("... except as the Division may determine the area consisting of the portions of all properties within a distance of 500 feet from such proposed location, or within a distance of 500 feet from a point on the opposite side of the highway directly opposite such proposed location, to be predominantly residential or agricultural in use") applies to both clause (1) and clause (2); we disagree. "It is the general rule of statutory as well as grammatical construction that a modifying clause is confined to the last antecedent unless there is something in the subject matter or dominant purpose which requires a different interpretation." *Druzik* v. *Board of Health of Haverhill*, 324 Mass. 129, 133 (1949), quoting *Hopkins* v. *Hopkins*, 287 Mass. 542, 547 (1934). According to those rules of construction a proviso or an exception is also presumed to be confined to the last antecedent. See *Opinion of the Justices*, 286 Mass. 611, 620 (1934).

We think the general rule of construction applies. The proviso itself is phrased in the terms of clause (2). It gives the board discretion to prohibit the erection of signs in areas which it determines to be predominantly residential or agricultural even though it finds that certain business, industrial or commercial activities are carried on within the 500 feet specified in clause (2). The proviso makes no reference to the zoning standards stated in clause (1).

The dominant purpose of the regulation supports our construction. Regulation 5A declares that "the policy of the Division [is] that outdoor advertising is a permitted use in areas zoned for any business, industrial or commercial activity and in areas not so zoned but of a business character ...." This expression of policy makes clear that a permit must be issued if certain requirements are met. Once it has been established that the area is "zoned for any business, industrial or commercial activity" (which concept we treat as identical to the concept in clause [1], "zoned ... to permit any business, industrial or commercial activity"), the board must issue the permit (assuming that the permit applied for is not forbidden by some other

provision of law or regulation). This is true even though one might normally infer from the use of the word "may" that the granting of the permit is left to the board's discretion. See *Chamberland* v. *Selectmen of Middleborough,* 328 Mass. 628, 630, 633 (1952). Although "may" is ordinarily construed to be permissive, in a regulation which concerns the performance of a duty by a public officer "may" is to be construed as "must" or "shall" if that appears to have been the intent of the draftsmen. See *Attleboro Trust Co.* v. *Commissioner of Corps. and Taxn.* 257 Mass. 43, 51 (1926); *O'Connell* v. *Cambridge,* 258 Mass. 203, 205 (1927); *Brennan* v. *Election Commrs. of Boston,* 310 Mass. 784, 785-786 (1942).

It is undisputed that the area is zoned "unrestricted" by the town of Westport. Under § IV-C of the zoning by-law such classification permits all uses except those which "impair the use of adjacent properties by reason of dirt, odor, fumes, smoke, gas, sewage, refuse, noise, excessive vibration, or danger of explosion or fire." Since an "unrestricted" classification permits business, industrial or commercial activity in the area, our construction of Regulation 5A requires that the permit be issued. We regard the board's interpretation to be an error of law rather than an abuse of discretion.[2]

General Laws c. 30A, § 14(5), requires that review of a decision of an administrative board be confined to the record. In most instances the court is precluded from taking additional evidence. The judge, with the agreement of the parties, took a view of the area. While it may have been error to take the view, it was harmless. It should be noted that the judge stated that his decision was based "upon consideration of the record filed by ... [the] Board." The view was not mentioned.

The contention that the judge erred in failing to make findings of fact is without merit. General Laws c. 30A,

---

[2] Due to our disposition of the case, we need not consider whether the board's decision that the area was "predominantly residential or agricultural in use" was supported by substantial evidence.

§ 14 (7), specifically gives the Superior Court the authority to set aside a decision of the board, but nothing in that chapter requires that such findings be made.

*Judgment affirmed.*