JOHN MOULTON vs. BROOKLINE RENT CONTROL BOARD
& another.[1]

Norfolk. October 9, 1981. — February 5, 1982.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, & NOLAN, JJ.

*Municipal Corporations*, Rent control, By-laws and ordinances. *Rent Control. Statute*, Construction. *Practice, Civil*, Review of action of rent control board. *Administrative Law*, Agency. *Brookline*.

Two provisos in art. XXXVIII, § 9 (a), subsection 10, of the Brookline rent control by-law, which appear following general language in that subsection permitting a landlord to obtain a certificate of eviction "for any other just cause," did not apply to the nine preceding subsections which enumerated nine specific grounds on which a certificate might be issued. [230-232]

A decision of a municipal rent control board granting a certificate of eviction to a landlord on the ground that the landlord intended to remove the rental unit from housing use was supported by substantial evidence, notwithstanding inconsistencies in the landlord's position before the board. [232-233]

CIVIL ACTION commenced in the Brookline Division of the District Court Department on May 23, 1979.

The case was heard by *Shubow*, J.

*Jeffrey Jacobsen* for the plaintiff.

*Roger R. Lipson* for Brookline Rent Control Board.

*Philip S. Lapatin* for Babcock Street Associates Trust.

ABRAMS, J. The plaintiff, a tenant in an apartment subject to Brookline's rental control and eviction by-laws, appeals from an order of the Appellate Division of the District Court Department dismissing a report in an eviction proceeding. The Brookline rent control board (board) had determined that the plaintiff's landlord, Babcock Street

_____

[1] Babcock Street Associates Trust.

Associates Trust (landlord), was entitled to a certificate of eviction[2] because the landlord sought possession of the plaintiff's unit to remove it from housing use. See Brookline by-law art. XXXVIII, § 9 (a) (9). (See note 4, *infra*). The plaintiff challenges that determination on the grounds that the board's construction of the Brookline by-law is erroneous as a matter of law, and that the board's decision was not supported by substantial evidence.[3]

We summarize the facts. The plaintiff and his wife are tenants at will of a basement apartment in a thirty-two unit complex at 57-65 Babcock Street, Brookline. On August 31, 1978, the landlord notified the plaintiff that their tenancy was being terminated because it no longer intended to use the plaintiff's apartment for housing. Shortly thereafter, the complex was converted to condominium units by the filing of a master deed pursuant to G. L. c. 183A, § 8. The plaintiff's unit was not included in the master deed. On December 14, 1978, the building department of Brookline notified the landlord that the plaintiff's unit existed "in violation of the Building Code because . . . [the] unit is [not] provided with a second means of egress."

On February 13, 1979, the landlord filed an application for a certificate of eviction as required by § 9 (b) of the by-law. At a hearing before the board, the landlord relied on § 9 (a) (9) of the by-law to justify the eviction. See note 4, *infra*. The board found that the "landlord intends to

[2] The certificate of eviction stated: "The issuance of this certificate does not require the tenant to move. It only authorizes the landlord to pursue such remedies to recover possession as are otherwise available by law."

[3] Statute 1970, c. 843, § 4, provides that decisions of the board shall be reviewed as if it were a State agency. See G. L. c. 30A, § 14. Pursuant to St. 1970, c. 843, § 5 (*a*), an aggrieved party may petition for review in either a District Court or the Superior Court. The plaintiff, having brought this petition for review in a District Court, "waived [with exceptions not here material] . . . his right of appeal to the superior court." G. L. c. 231, § 103. Therefore, this matter was properly before the Appellate Division. G. L. c. 231, § 108. Cf. *Gentile* v. *Rent Control Bd. of Somerville,* 365 Mass. 343, 346 n.3 (1974) (since the complaint was required to be entered in a District Court, we held that any appeal was to the Superior Court, not to the Appellate Division).

demolish or otherwise remove the unit from housing use," and granted the landlord a certificate of eviction.

The board concluded that it should grant the application because "under § 9 (a) (9) of said by-laws [the board] is limited to inquiring into the definiteness of the landlord's intent to remove the unit from housing use." The board rejected the plaintiff's claim that it also must determine that removal was not contrary to Brookline's rent control by-law and was not incidental to condominium conversion. The plaintiff filed a petition for review in a District Court. The District Court judge sustained the board's conclusion; however, he did so on other grounds (see note 7, *infra*). The Appellate Division agreed with the board's construction of the by-law, and dismissed the report. The plaintiff appealed. G. L. c. 231, § 109. We affirm the order of the Appellate Division dismissing the report.

1. *Statutory construction.* The plaintiff claims that whenever a landlord "seeks to recover possession to demolish or otherwise remove the unit from housing use" under § 9 (a) (9),[4] he may do so only if "his purpose is not in conflict with the provisions and purposes of the rent control by-law," and if the removal is not "incidental" to a condominium conversion. See Brookline by-law, art. XXXVIII, § 9 (a) (10).[5] In other words, the plaintiff contends that those words in § 9 (a) (10) which modify "any other just cause" also modify § 9 (a) (9). We disagree.

"It is the general rule of statutory as well as grammatical construction that a modifying clause is confined to the last

---

[4] Section 9 (a) provides: "No person shall bring any action to recover possession of a controlled rental unit unless: . . . (9) the landlord seeks to recover possession to demolish or otherwise remove the unit from housing use . . . ."

[5] Section 9 (a) (10) provides in pertinent part that a landlord may obtain a certificate of eviction if he "seeks to recover possession for any other just cause, provided that his purpose is not in conflict with the provisions and purposes of the rent control by-law; and provided that the recording of a master deed for a condominium in conformance with the provisions of Chapter 183A of the General Laws, the sale or offering for sale of any unit therein, or any condition incidental to such recording, sale, or offering for sale shall not be deemed just cause hereunder."

antecedent unless there is something in the subject matter or dominant purpose which requires a different interpretation." *Druzik* v. *Board of Health of Haverhill*, 324 Mass. 129, 133 (1949), quoting *Hopkins* v. *Hopkins*, 287 Mass. 542, 547 (1934). See *West's Case*, 313 Mass. 146, 149 (1943). "According to [this rule] of construction a proviso or an exception is also presumed to be confined to the last antecedent." *Young's Court, Inc.* v. *Outdoor Advertising Bd.*, 4 Mass. App. Ct. 130, 133 (1976). *Opinion of the Justices*, 286 Mass. 611, 620 (1934). 2A C. Sands, Sutherland Statutory Construction § 47.33 (4th ed. 1972). We think this general rule applies to § 9 (a).

Only subsection 10, which allows eviction "for any other just cause," contains the proviso relied upon by the plaintiff. The "not in conflict" proviso specifically modifies the "any other just cause" language of subsection 9 (a) (10). See note 5, *supra*. The "condition incidental to" condominium conversion proviso also is phrased in the terms of subsection 10 ("any condition incidental to [the recording of master deed for condominium] shall not be deemed just cause hereunder"). This proviso makes no reference to the other grounds stated in § 9 (a). We believe, therefore, that the purpose of the two modifying provisos in § 9 (a) (10) is to limit the board's discretion under subsection 10.

Further, art. XXXVIII, § 9 (a), provides nine specific grounds and one general ground under which a landlord may obtain a certificate of eviction. There is no indication that the town of Brookline meant to require all or any combination of the enumerated grounds in order to justify the issuance of a certificate of eviction. We think that each subsection was intended to be independent of the preceding and subsequent subsection.

Moreover, the ten subsections are separated by semicolons. "The semicolon is used to group a series of independent clauses . . . which are parallel in thought and arrangement." Ball, Constructive English, A Handbook of Speaking and Writing 325 (1923). Bigelow's Handbook of Punctuation 22 (1901): "The semicolon may . . . be used

between short complete sentences, where the period would indicate more of a pause than the connection between the sentences renders necessary." Unlike the other nine subsections, the first modifying proviso in § 9 (a) (10) is set apart by a comma.[6] This suggests a closer association than does the use of a semicolon. See Ball, *supra* at 324. "[P]unctuation, although often disregarded, may be resorted to when it tends to throw light upon the meaning of the language." *Greenough* v. *Phoenix Ins. Co.*, 206 Mass. 247, 252 (1910), citing *Commonwealth* v. *Kelley*, 177 Mass. 221, 223 (1900). We conclude that the board correctly interpreted § 9 (a).

2. *Review of the board's decision.* The plaintiff suggests that the board lacked substantial evidence that the landlord intended to remove the plaintiff's unit from housing use. The plaintiff points out that, in the landlord's application for a certificate of eviction, it relied on the noncompliance of the plaintiff's unit with building code specifications, but before the board the landlord asserted that it intended to "remove the unit from housing use," pursuant to § 9 (a) (9). Further, before the board, the landlord's position was that it was intended to restore the area to open basement use, but in its answer the landlord asserted that it intended to use the unit for general nonhousing purposes such as an office or utility room. The plaintiff argues that these inconsistencies so undercut the landlord's claim, that it intended to remove the unit from housing use, that the board's decision was not supported by substantial evidence.

We review the board's action as if it were a State agency (see note 3, *supra*; G. L. c. 30A, § 14). See *Sherman* v. *Rent Control Bd. of Brookline*, 367 Mass. 1, 12 n.11 (1975). "In reviewing administrative agency decisions, this and all other courts are required to give 'due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority con-

---

[6] The second proviso is a subordinate clause, Ball, *supra* at 34, 124, 127-128, which, we believe, modifies only the words "seeks to recover possession for any other just cause," as appearing in subsection 10. See note 5, *supra*.

ferred upon it.'" *Dohoney* v. *Director of the Div. of Employment Security,* 377 Mass. 333, 337 n.3 (1979). G. L. c. 30A, § 14 (7), as appearing in St. 1973, c. 1114, § 3. See G. L. c. 30A, § 14 (7) *(e).* "'Substantial evidence' means such evidence as a reasonable mind might accept as adequate to support a conclusion." G. L. c. 30A, § 1 (6). While we must consider the entire record, and must take into account whatever in the record detracts from the weight of the agency's opinion, *Cohen* v. *Board of Registration in Pharmacy,* 350 Mass. 246, 253 (1966), as long as there is substantial evidence to support the determination of the agency, we will not substitute our views of the facts.

Before the board, the landlord stated that it intended to remove the plaintiff's unit from housing use. The board determined that, despite any inconsistencies in the landlord's position, it did intend to remove the unit from housing use. We conclude that the board's decision contains no error of law and is supported by substantial evidence.[7] We affirm the order of the Appellate Division of the District Court dismissing the report.

*So ordered.*

---

[7] The District Court judge apparently agreed with the plaintiff's construction of the Brookline by-law. He ruled that the plaintiff "might [have carried] the day" because of the landlord's inconsistent position, except that the unit did not meet building code specifications. We note that if there were an issue of credibility, under G. L. c. 30A (see note 3, *supra*), that issue is to be determined by the board, not by the judge. *School Comm. of Wellesley* v. *Labor Relations Comm'n,* 376 Mass. 112, 120 (1978). A judge "may not . . . displace the [board's] choice between two conflicting views, even though [he] might justifiably have made a different choice had the matter been before [him] in the first instance." *Southern Worcester County Regional Vocational School Dist.* v. *Labor Relations Comm'n,* 377 Mass. 897, 903 (1979).