WILLIAM RUSSELL *vs.* BOSTON WYMAN, INC. JULY 9, 1991. *Workers' Compensation Act*, Action by spouse or child, Injuries to which act applies, Election of remedies. *Husband and Wife*, Consortium. *Statute*, Construction.

The plaintiff appeals from the allowance of the defendant's motion for summary judgment dismissing the plaintiff's claim for the loss of his wife's

---

[1] One indictment each against Melvin Diaz, Jose Antonio Gonzalez, Rafael D. Mehejia, and Jose A. Nunez.

society, consortium, companionship, and services. It is not disputed that the plaintiff's wife was an employee of the defendant, Boston Wyman, Inc., that she claimed and collected workers' compensation benefits under G. L. c. 152 (1990 ed.), for an injury arising out of that employment, and that she did not preserve her rights at common law by giving notice to her employer as required by that statute. The trial judge dismissed the plaintiff's claim on the ground that the "exclusive remedy" provision of the workers' compensation statute, G. L. c. 152, § 24, as amended through St. 1985, c. 527, § 35, bars any common law claim against the employer by the spouse of an employee who has collected benefits under the statute. The plaintiff appealed, and we transferred the case to this court on our own motion.

Section 24 of G. L. c. 152 provides, in relevant part, that, when an employee has not preserved his or her rights at common law, "the employee's spouse, children, parents and any other member of the employee's family or next of kin *who is wholly or partly dependent upon the earnings of such employee* at the time of injury or death, shall also be held to have waived any right of action at common law against such employer for damage due to loss of consortium, parental guidance, companionship *or the like*" (emphasis added). The plaintiff is neither wholly nor partly dependent upon the earnings of his wife. He argues that the phrase "who is wholly or partly dependent upon the earnings of such employee" modifies the employee's "spouse, children, [and] parents" as well as "any other member of the employee's family or next of kin," and therefore that the statute bars only a dependent but not a nondependent spouse from making a claim. We disagree.

The "rule of the last antecedent" holds that "qualifying phrases are to be applied to the words or phrase immediately preceding and are not to be construed as extending to others more remote." *United States* v. *Ven-Fuel, Inc.*, 758 F.2d 741, 751 (1st Cir. 1985). See *Moulton* v. *Brookline Rent Control Bd.*, 385 Mass. 228, 230-231 (1982). Thus, the phrase in question modifies only "any other member of the employee's family or next of kin." Nothing in the subject matter, dominant purpose, or language of the statute indicates a different interpretation. See *Moulton, supra.* On the contrary, several other factors support this construction. For example, if the phrase qualified "spouse, children, [and] parents," it would require a plural verb, and would read "who are . . . dependent." As it stands, the singular verb in "who is . . . dependent" agrees with the singular subject, "any other member of the employee's family or next of kin." See W. Strunk & E.B. White, The Elements of Style 9 (3d ed. 1979) ("The number of the subject determines the number of the verb").

Where, as here, the statutory language is clear and unambiguous, we do not look beyond that language to interpret it. *Pobieglo* v. *Monsanto Co.*, 402 Mass. 112, 116 (1988). Even if we look to the legislative history cited by the plaintiff, as he urges, however, we find nothing to support his posi-

tion. The 1985 amendment to the statute was intended, in part, to override this court's decision in *Ferriter* v. *Daniel O'Connell's Sons*, 381 Mass. 507 (1980), which construed the workers' compensation statute as not barring a spouse's claims for loss of consortium and society (or for negligent infliction of mental distress). See *Corrigan* v. *General Elec. Co.*, 406 Mass. 478, 480 (1990). It would defy common sense for the Legislature to have precluded claims by dependent spouses, who presumably have greater need for financial assistance, while permitting claims by financially independent spouses.

Finally, there is no merit to the plaintiff's contention that his claim for loss of services is separate and distinct from his claim for loss of consortium, and therefore is not encompassed by the statutory bar, in G. L. c. 152, § 24, on claims for "loss of consortium . . . or the like." More than a century ago, the common law of Massachusetts ceased to recognize a husband's loss of the services of his injured wife as either a separate claim or an element of a claim for loss of consortium. See *Bigaouette* v. *Paulet*, 134 Mass. 123, 124 (1883). See also *Diaz* v. *Eli Lilly & Co.*, 364 Mass. 153, 156 (1973); *Rodgers* v. *Boynton*, 315 Mass. 279, 281-283 (1943).

Accordingly, we affirm the trial judge's allowance of the defendant's motion for summary judgment dismissing the plaintiff's claims.

*So ordered.*

*Thomas J. Canavan* for the plaintiff.
*Faith D. Segal* for the defendant.