Dolan, PJ.
The plaintiff (“tenant”) alleges error in the court’s decision upholding the defendant Brookline Rent Control Board’s (“Board”), granting of a certificate of eviction to defendant Field Corporation (“landlord”). We affirm the courf s decision.
Landlord owns a controlled unit at 1211 Beacon Street in the town of Brookline, in an apartment complex known as Richmond Court. Tenant has lived in the unit for at leastfifteen years. For aportion of this time, her adult son Robert DePopolo (“tenant’s son”) lived with her.
A fire occurred in tenanf s unit on July 23,1987 when tenant was out of town. The Brookline Fire Department responded to the fire and found tenanf s son in the unit. The Massachusetts Fire Incident Report states that the fire was caused by the careless disposal of smoking materials.
On May 23, 1990, the resident building superintendent of Richmond Court responded to a report of smoke detectors going off and the smell of smoke in the hallway •near tenant’s unit. When the superintendent arrived at tenant’s unit, the door was open, smoke was coming from the unit into the hallway, and a little bit of smoke was coming out of a wastebasket in the unit. Tenant’s son told the superintendent that the fire began because he emptied an ashtray into the wastebasket.
Two or three days later the superintendent again went to tenant’s unit in response to smoke detectors going off in the hallway of 1211 Beacon Street. When the superintendent entered the unit he found it full of smoke, a pot with food was burning on the kitchen stove and tenanf s son was asleep at the kitchen table.
On June 9,1990, landlord filed a complaint against tenant and tenant’s son in the Norfolk County Superior Court seeking declaratory and injunctive relief to prevent tenant’s son from entering the premises at 1211 Beacon, and to prevent tenant from permitting her son on the premises. Landlord alleges that tenant’s son’s presence on the premises was a risk to the other tenants because he was responsible for the three fires that occurred in the unit. On June 15, 1990 the Superior Court issued a preliminary injunction enjoining and restraining tenant’s son from entering upon any part of the premises located at Richmond Court, and enjoining and restraining tenant from permitting her son to enter any part of those premises.
On July 12,1990, tenanf s son was seen ringing the doorbell to his mother’s unit at 1211 Beacon Street. He was then escorted by the Brookline police from Richmond Court. In December, 1990 tenant’s son helped carry a Christmas tree into tenant’s unit He left immediately after helping to carry the tree into the unit. Later that winter tenant allowed her son to sleep over in the unit one night when he was ill and without shelter for the night. Her son left the unit the next morning.
On January 7, 1991 the Superior Court permanently enjoined and restrained tenanf s son from entering upon any part of the premises at Richmond Court and permanently enjoined and restrained tenant from permitting her son to enter upon *168 any part of the premises at Richmond Court.
On February 6,1991, the former building superintendent for Richmond Court saw tenant’s son outside tenant’s unit. On February 19,1991 the Superior Court adjudicated tenant’s son in contemptfor violating the injunction. On March 26,1991, another tenant at Richmond Court saw a man in the courtyard whom she believed to be tenant’s son. The man was wearing sandals and she knew tenant’s son wore sandals in the winter. On April 12,1991, die building superintendent for Richmond Court, observed a man filling tenant’s son’s description walk up the rear hallway stairs and stop at the back door of tenant’s unit. On May 6,1991, landlord filed this action.
Based on this evidence, the Board determined that landlord is entitied to a Certificate of Eviction under the provision of Article 38, §6 (a) (3) and Article 38, §6 (a) (9) of the Town of Brookline Bylaws.[2]
The Board stated “the Brookline Rent Control Board recognizes the landlord’s obligation to provide a safe living environmentfor its tenants. The landlord took steps to do so when it obtained injunctions against Muriel DePopolo and her son. Since the issuance of the injunction, Robert DePopolo has been held in contempt of the injunctions and Muriel DePopolo has violated the injunctions on two separate occasions. The Brookline Rent Control Board hereby concludes as a matter of law that violation of the injunction by Muriel DePopolo, in allowing her son to enter her apartment, is just cause to evict. Field Corporation’s interest in protecting the safety of the other tenants of Richmond Court is good reason to evict the tenant and is not in conflict with the provisions and purposes of the rent control By-law.”
The Board’s decisions are reviewed by the court to determine if they are supported by substantial evidence and if they are legally justifiable. Kahn v. Brookline Rent Control Board, 394 Mass. 709, 711 (1985). In describing the substantial evidence standard, the courts have held that it is “such evidence as a reasonable mind might accept as adequate to support a conclusion.” Moulton v. Brookline Rent Control Board, 385 Mass. 228, 233 (1982). In this case, there is substantial evidence for the Board to conclude that tenant is committing or permitting to exist a substantial interference with the comfort, safety or enjoyment of other occupants of Richmond Court within the provisions of §6 (a) (3) of the By-Laws. Three fires (two within one year) are sufficient for the Board to reach such a conclusion. In any event, the fire history and the threat of future harm comprise a substantial threat to the safety of the other occupants of the property, and represent “just cause” to evict within the provisions of §6 (a) (9) of the By-Law.
Tenant argues that she cannot be held responsible for her son’s conduct, citing Hodess v. Bonefort, 401 Mass. 693 (1987). In that case, the court held that a tenant whose sons had broken into a neighboring unit and had stolen a VCR could not be evicted because there was no evidence that the tenant could reasonably have foreseen and prevented the break-in and theft by a household member. Hodess at 696. That case is consistent with prior cases and is distinguishable because of the multiple nature of the serious incidents that the Board could attribute to tenant’s son.
In Spence v. Gormley, 387 Mass. 258 (1982), the court affirmed an eviction against a tenant because of the acts of her son. The court said that a landlord “cannot be left helpless to rectify a serious threat to the safety of other tenants simply because the signatory of the lease happens not to be the source of the threat.” Spence v. Gormley at 263. The court set forth a test to be used in eviction cases where the wrongdoer is *169 a household member. In such cases, there is an inference that the tenant is aware of the problems and has some control over the household member. The tenant however, can negate the inference by showing that the tenant could not have foreseen the problem and could not have prevented the problem. Spence v. Gormley at 265.
In this case, the conduct of tenant’s son presented a serious risk of serious harm to tenant’s neighbors. As a result of multiple fires, the Board could find that tenant could foresee this risk. Landlord’s original action was not to seek an eviction, but rather to prevent any further problems by means of a court injunction. It was only after the injunction was violated that landlord sought to evict tenant. The Board had before it sufficient evidence to evict tenant under both Article 38, §6 (a) (3) and §6 (a) (9). Report dismissed.

 Article 38, §6 (a) (3) of the Town of Brookline Bylaws provides that the landlord is entitled to a Certificate of Eviction on the grounds that the tenant is committing or permitting to exist a nuisance in, or is causing substantial damage to, the controlled unit, or is creating a substantial interference with the comfort, safety or enjoyment of the landlord or other occupants of the same or any adjacent accommodation.
Article 38, Section 6 (a) (9) of the Town of Brookline Bylaws provides that the landlord may seek to recover possession for any other just cause, provided that his purpose is not in conflict with the provisions and purposes of this By-law.