Bohn, J.
On September 30, 1997, this matter came before the Court for hearing on defendant Richard T. George’s (“George”) motions to dismiss the indictments[1] against him. As grounds for his motions,[2] George argues that the charges of rape of a child and indecent assault and battery on a child are stale. Specifically, George argues that: (1) the statute of limitations set forth in G.L.c. 277, §63 had run in either 1993 or 1995; (2) that the tolling provision of G.L.c. 277, §63 does not apply to the rape charges; and (3), even if the tolling provision did apply, the provision is unconstitutional, as it violates the Equal Protection and Privileges and Immunities clauses of the United States Constitution and art. 1 of the Massachusetts Declaration of Rights by abridging his right to travel and to a fair trial.
The Commonwealth did not file a written opposition; however, at the hearing on the motion, the Commonwealth relied on Commonwealth v. Spencer, Cr. No. 96-10063-01/02 (Suffolk Super. Ct. April 1997), 6 Mass. L. Rptr. No. 28, 624 (June 9, 1997), to support its opposition.
For the following reasons, the motions are DENIED.
BACKGROUND
On March 19, 1997, an Essex County grand jury returned the above-numbered indictments against George. Indictment Nos. 9777 CR 0688 and 0690 charge George with rape of a child, in violation of G.L.c. 265, §23. Indictment No. 9777 CR 0689 charges George with indecent assault and battery on a child under fourteen years of age, in violation of G.L.c. 265, §13B. The victim, now aged 30, claims that George sexually abused him on dates between January 21, 1977, and January 21, 1979. At the time of the alleged assaults, the victim was between the ages of ten and twelve.
According to George, at some point in 1979 he moved from Massachusetts to New Hampshire, where he lived openly for ten years. At the time he was indicted, George was living in Florida, where he had resided since 1989. He voluntarily waived extradition from Florida on April 22, 1997, and returned to Massachusetts for his arraignment on May 12, 1997.
DISCUSSION
I. APPLICABILITY OF THE TOLLING PROVISION.
The last alleged sexual assault occurred in January 1979. To determine the applicable statute of limitations, this Court must look at the version of G.L.c. 277, §63 (“§63") in effect at the time the alleged offenses occurred. See Commonwealth v. Barrett, 418 Mass. 788, 791 n.3 (1994). As of January 1979, §63 provided:
An indictment for murder may be found at any time after the death of the person alleged to have been murdered. An indictment for the crime or crimes set forth in [G.L.c. 265, §§17, 18, 19, or 21] . . . may be found and filed within ten years of the date of commission of said crime or crimes. An indictment for any other crime shall be found and filed within six years after the crime has been committed; but any period during which the defendant is not usually and publicly resident within the commonwealth shall be excluded in determining the time limited.
G.L.c. 277, §63 (1972 ed.).
Since neither G.L.c. 265, §23 (rape of child) nor G.L.c. 265, §13B (indecent assault and battery of a child) were enumerated under the ten year period, the statute of limitations for these offenses in 1979 was six years. Accordingly, the statute of limitations for the alleged offenses would have commenced in January 1979, and expired in January 1985. However, at some point in 1979, George moved from Massachusetts to New Hampshire, tolling the statute.
Pursuant to the final clause of the last sentence of the 1979 version of §63 (“the tolling provision”), on the date that George transferred his residence from Massachusetts to New Hampshire, the statute of limitations was tolled until George again made Massachusetts his "usual and public residence.” See Commonwealth v. Couture, 338 Mass. 31, 34-35 (1958). George attempts to avoid this unfavorable result by claiming that, due to subsequent amendments to §63, the tolling provision no longer applies to the rape charges.[3]
A. Subsequent Amendments to Section 63.
The version of §63 in effect in 1979 contained only one paragraph. The last sentence connected the six year statute of limitations clause to the tolling provision with a semicolon. Therefore, as George concedes, in 1979 the tolling provision clearly applied to both the rape and indecent assault charges. Subsequent amendments to §63, however, have admittedly muddied the waters.
In 1985, §63 was amended to increase to ten years the statute of limitations for a number of offenses, including G.L.c. 265, §23. As amended in 1985, §63 provided:
. . . An indictment for a crime set forth in [c. 265, §§17, 18, 19, 21, 22A, 23, 24 and 24B] or [c. 272, §17] . . . may be found and filed within ten years of the date of commission of said crime. An indictment for any other crime shall be found and filed within six years after such crime has been committed; but any period during which the defendant is not usually and publicly a resident within the commonwealth shall be excluded in determining the time limited.
G.L.c. 277, §63, as amended by St. 1985 c. 123.
*633 Section 63 was amended again in 1987 by St. 1987, c. 489, with a second paragraph added. As amended in 1987, §63 ¶1 still provided that certain enumerated offenses, including G.L.c. 265, §23, were subject to a ten-year statute of limitations. The final sentence of the first paragraph continued to provide for a catch-all six year statute of limitations, with the tolling provision connected by a semi-colon. The new second paragraph provided:
Notwithstanding the foregoing provisions, if a victim of a crime set forth in [c. 265 §§13B, 13F, 13H, 22, 22A, 23, 24B and 26A] or [c. 272 §§1, 2, 3, 4, 4A, 4B, 5, 6, 7, 8, 12, 13, 17, 26, 28, 29A, 29B, 33, 34, 35, 35A] is under the age of sixteen at the time such crime is committed, the period of limitation for prosecution shall not commence until the victim has reached the age of sixteen or the violation is reported to a law enforcement agency, whichever occurs earlier.
G.L.c. 277 §63, as amended by St. 1987, c. 489.[4] Neither of these amendments affected the six year statute of limitations period for the indecent assault and battery charge or the tolling provision’s applicability to that charge. See Commonwealth v. Cogswell, 31 Mass.App.Ct. 691, 695 n.3 (1991), rev. denied, 411 Mass. 1106 (1992), citing Commonwealth v. Bargeron, 402 Mass. 589, 592 (1988).
Section 63 was rewritten yet again in 1996, leaving the two paragraph structure intact, but inserting a new second sentence which provided that “[a]n indictment for an offense set forth in [c. 265 §22, 22A, 23, 24 and 24B] . . . may be found or filed within fifteen years of the date of commission of such offense.” G.L.c. 277 §63, as amended by St. 1996, c. 26. Thus, the 1996 amendment increased the statute of limitations for the rape of a child offense from 10 to 15 years, but left the six year statute of limitations for the indecent assault charge intact.
B. Retroactive Effect of Subsequent Amendments.
George has conceded that, as of 1979, the tolling provision applied to both the rape of a child and indecent assault and battery charges. Thus, when he left Massachusetts for New Hampshire in 1979, the six year statute of limitations was tolled for both offenses. As a result of that tolling, the rape charge was not stale at the time any of the subsequent amendments took effect, and the revised statutes of limitations apply to that offense. Cogswell, 31 Mass.App.Ct. at 694 (1991), citing Commonwealth v. Rocheleau, 404 Mass. 129, 130 (1989) (ten year statute of limitations for rape of a child “applies to those offenses that were not time-barred when the amendment became effective”). This includes the most recent amendments, deferring the statute of limitations for a victim under the age of 16 and extending the limitations period for the rape of a child offense to 15years. Barrett, 418 Mass. at 791-92 n.3.
Due to the 1985 amendments, however, the sentence containing the new ten-year statute of limitations for the rape of a child charge was no longer directly connected to the tolling provision. That restructuring, according to George, rendered the tolling provision inapplicable to the rape of child charge’s new ten year statute of limitations period, meaning that the ten year clock (unaffected by George’s absence from the Commonwealth) began to run anew in 1985, and expired in 1995.
However, because the rape of child charge would not have been stale at the time of the 1987 amendment, the ten year clock would have been reset to 1983, when the victim turned 16. Thus, George continues, the statute of limitations for the rape of a child charge would expire, absent the tolling provision, in 1993.
This Court is not convinced that subsequent amendments to §63 have resulted in the tolling provision being restricted only to those charges retained within the catch-all six year statute of limitations. A thorough and careful parsing of §63 reveals that the legislature could not have intended such an unreasonable and absurd result.
C. The Canons of Statutory Interpretation.
George argues that the legislature intended to remove the offense of rape of a child from the ambit of the tolling provision by placing the new ten-year statute of limitations for the offense in a separate sentence than the catch-all six-year statute of limitation, which remained connected by a semi-colon to the tolling provision. The Court is unpersuaded.
To resolve this latent ambiguity in §63, the Court must delve into the sea of canons of statutory construction, and is reminded of former Appeals Court Justice Kent B. Smith’s comment: “the canons of statutory construction are like greeting cards — there seems to be one for every occasion.” A.C. Cruise Line, Inc. v. Alcoholic Beverages Control Comm’n, 29 Mass.App.Ct. 319, 324, rev. denied, 408 Mass. 1105 (1990). Making our task more' challenging is the fact that “canons often co-exist with an opposite one or at least one which points in a different direction.” Shubow, “Statutory Construction in Massachusetts,” 79 Mass.L.Rev. 114, 120 (1994). Such is the case here.
At the outset, one canon is ”[t]he general and familiar rule . . . that a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers maybe effectuated.” Commissioner of Revenue v. Dupee, 423 Mass. 617, 620 (1996), quoting Industrial Fin. Corp. v. State Tax Comm’n, 367 Mass. 360, 364 (1975). Additionally, this Court “is obliged to give *634 ambiguous, imprecise, or faultily drafted statutes a ‘reasonable construction,’ with the primary goal of construing the statute to carry out the legislative intent. . . Our objective is to confer upon the statute as a whole an internal consistency." Bartlett v. Greyhound Real Estate Fin. Co., 41 Mass.App.Ct. 282, 286 (1996) (internal citations omitted).
In the case sub judicata, it appears to this Court that the intent of the legislature, as gleaned from the plain language of §63, was to extend the statute of limitations for sexual assault crimes against children, to the end of providing the victims more time to recover from their trauma and report the assaults to law enforcement officials. The legislature not only lengthened the statute of limitations for the offense of rape of a child from six to ten to fifteen years, but has created a window of time within which the statute does not begin to run against younger victims.
Accordingly, a reasonable construction of §63 as amended would not construe the statute to read that, at the same time the statute was extended for child victims of sexual assault, the legislature intended that the longer statute of limitations would continue running (and perhaps expire) when the defendant had moved from the Commonwealth. This absurd result is even more striking when one considers that, under George’s reading, defendants charged with crimes falling under the six year statute of limitations could still be charged after any number of years of absence from the Commonwealth. Conversely, defendants charged with child sexual assault offenses — offenses which evidently concerned the legislature enough to amend §63 — would be immune from prosecution after a finite number of years. Such a reading is unreasonable and does not further the legislature’s apparent intent to lengthen the period of time within which the Commonwealth could commence prosecutions of child sexual assault crimes.
In sum, the imperfection the legislature intended to remedy appears to have been the emotional inability of young sexual assault victims to assist in prosecuting their abusers, and the concomitant frustrations of law enforcement officials face when dealing with young, traumatized victims. To rule that the statute of limitations would not be tolled for the crime of child rape, but would be for the crime of indecent assault and battery, defies logic.
Additionally, the ambiguity here arises not from the words used but from their placement within §63 and the choice of a semi-colon. “(T]he words and punctuation [in §63] are such that [the paragraph] may be read either way ...” Commonwealth v. Schmukler, 22 Mass.App.Ct. 432, 434, rev. denied, 398 Mass. 1105 (1986). Two additional tools of statutory construction, which tend to go hand-in-hand, must also be considered: the “last antecedent rule,” and rules regarding punctuation.
“The ‘rule of the last antecedent’ holds that qualifying phrases are to be applied to the words or phrases immediately preceding and are not to be construed as extending to others more remote.” Russell v. Boston Wyman, Inc., 410 Mass. 1005, 1006 (1991), quoting United States v. Ven-Fuel, Inc., 758 F.2d 741, 751 (1st Cir. 1985). See also Moulton v. Brookline Rent Control Bd., 385 Mass. 228, 231 (1982) (“it is the general rule of statutory as well as grammatical construction that a modifying clause is confined to the last antecedent unless there is something in the subject matter or dominant purpose which requires a different interpretation”). However, the rule is not absolute, Ven-Fuel, 758 F.2d at 751, and “is only a rule of construction to ascertain the legislative intent.” Dupee, 423 Mass. at 620 (citation omitted).
Here, while the tolling provision would appear to modify only the last antecedent clause (the six year statute of limitations), the dominant purpose of §63, as discussed supra, was to extend the period of time within which a young victim of sexual assault could notify authorities. Thus, rigid adherence to the rule of the last antecedent would contravene legislative intent, and is not determinative of this issue.
The canons regarding punctuation are even less fixed: “[p]unctuation, although disregarded, may be resorted to when it tends to throw light upon the meaning of the language.” Moulton, 385 Mass. at 232 (citations omitted). And, while “matters of punctuation are not necessarily determinative, ... a literal construction which leads to unreasonable results is to be avoided when ‘the language to be construed is fairly susceptible to a construction that would lead to a logical and sensible result.’ ” Schlesinger v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 409 Mass. 514, 518-19 (1991) (internal citations omitted). See also, Commonwealth v. Maillet, 400 Mass. 572, 578 (1987) (“some courts have indicated that punctuation will not be given much consideration in interpretation because it often represents the stylistic preferences of the printer or proofreader instead of the considered judgment of the drafter or legislator").
In this case, as discussed supra, an exacting adherence to the grammatical structure of §63 would render the statute, when read in its entirety, nonsensical. A rational construction of §63 leads this Court to conclude that the legislature intended that the tolling provision continue to apply to the charge of rape of a child in violation of G.L.c. 265, §23B even after the offense was removed from the catch-all six year period.[5] It would be a reasonable inference that, instead of limiting the tolling provision, the legislature simply continued to expand the statute by inserting new sentences and new offenses without restructuring the statute’s organization in the amendments’ wake. See Commonwealth v. Spencer, Cr. No. 96-10063-01/02 (Suffolk Super. Ct. April 1997) at 2, 6 Mass. L. Rptr. No. 28, 624 (June 9, 1997) (court would “not infer a *635 legislative intent to limit the applicability of the tolling provision to the less serious offenses charged based on questionable punctuation”).
It should be emphasized that this Court is not unmindful of the “basic principles that criminal statutes are to be strictly construed against the Commonwealth and in favor of the defendant, and that ‘criminal limitations statutes are to be liberally interpreted in favor of repose’ " Commonwealth v. Valchuis, 40 Mass.App.Ct. 556, 558 (1996) (internal citations omitted); Commonwealth v. Kerr, 409 Mass. 284, 286 (1991) (any “reasonable doubt” as to a statute’s meaning must be resolved in criminal defendant’s favor).
No such reasonable doubt exists in this case, and after close scrutiny of §63 in light of all the relevant canons of statutory construction, this Court is compelled to hold that it would be an absurd and unreasonable result to read §63 as rendering the tolling provision inapplicable to the offense of rape of a child. Accord, Spencer, supra at 2 (a “fair and rational reading” of §63 warrants the applicability of the tolling provision to the indecent assault and battery and rape of a child charges).
II. CONSTITUTIONALITY OF THE TOLLING PROVISION.
George argues in his second motion that the tolling-provision of §63 is unconstitutional. Specifically, George argues that it violates his rights under the equal protection clauses of the Fourteenth Amendment and art. 1 of the Declaration of Rights and the Privileges and Immunities clause of the Fourteenth Amendment, because the tolling provision abridges his right to travel and right to a fair trial. The constitutionality of the tolling provision has not, as of this date, been reviewed by either the Massachusetts Appeals Court or the Supreme Judicial Court.
Our analysis starts with the principle that “whether a challenge to a statute is based on equal protection grounds or on due process grounds, we presume that the statute is constitutional.” Commonwealth v. Franklin Fruit Co., 388 Mass. 228, 235 (1983). The challenger “has the burden of proving the absence of any conceivable grounds which would support the statute." Id.; Zayre Corp. v. Attorney General, 372 Mass. 423, 433 (1977) (the “challenger bears the heavy burden of overcoming the presumption of constitutionality which attaches to the statute”).
A. The Right to a Fair Trial.
George is correct that the right to a fair trial is a fundamental one. See Strickland v. Washington, 486 U.S. 668, 684 (1984). However, to meet his burden and establish that the tolling provision unconstitutionally impairs this right, George must show that the preindictment delay “substantially prejudiced [his defense] and that the delay has been intentionally undertaken to gain a tactical advantage over the accused or has been incurred in reckless disregard of known risks to the putative defendant’s ability to mount a defense.” Commonwealth v. Best, 381 Mass. 472, 484 (1980), citing Commonwealth v. Imbruglia, 377 Mass. 682, 688, 691 (1979); see also, Commonwealth v. Patton, 401 Mass. 20, 21 (1987) (“defendant must prove both that the delay prejudiced his case and that the government intentionally or recklessly caused the delay”).
George submitted an affidavit, attesting to lost evidence which he claims would substantiate his defense that he and the victim did in fact go fishing during one of the alleged incidents. Even if this Court were to assume, in George’s favor, that the loss of this evidence substantially prejudiced his defense, he cannot show that the Commonwealth recklessly, much less intentionally, caused the delay. George left the Commonwealth at some point in 1979, and the victim did not come forward with his allegations until January 1997; by mid-March 1997, the Commonwealth had sought and obtained these indictments.
George relies on United States v. Marion, 404 U.S. 307 (1971), for the proposition that the length of the statute of limitations specifies a time limit beyond which the right to a fair trial would be prejudiced. However, as noted in Spencer, the “legislature has the authority to balance the relative interests of the state and“the defendant in administering and receiving justice.” Spencer, supra at 3, citing Marion at 322. In performing that balancing regarding the tolling provision, the legislature evidently believed that the detrimental effect of the defendant’s absence from the Commonwealth outweighed the statute of limitation’s presumption of timeliness.[6]
B. The Right to Travel,
Again, George cannot overcome the high hurdle of presumptive constitutionality. “[T]he right [to travel] is not absolute, and an individual who commits a crime and then leaves the jurisdiction has subjected his/her right to travel to qualifications rationally related to legitimate state interests." Spencer, supra at 2, citing Jones v. Helms, 452 U.S. 412, 419 (1981). Under rational basis review,[7] the tolling provision’s deferral of the statute of limitations in cases where the defendant commits a crime and then leaves the state is rationally related to the legitimate state interest of detecting and investigating crime and reducing the need for and expense of extradition. See Spencer at 3.
Moreover, George’s right to travel is not impinged by the tolling provision. “. . . [H]e is not subjected to greater penalty because he left the state; rather, he is faced with a tolled statutory period of limitations.” Scherling, 585 P.2d at 224.
Unable to demonstrate that the tolling provision abridged either his right to a fair trial or right to travel, George cannot meet his burden of demonstrating that the tolling provision is unconstitutional. See also, State v. Sher, 437 N.W.2d 878, 881-84 (Wis. 1989) *636 (holding that a similar tolling provision did not violate the equal protection clause or privileges and immunities clause); and Commonwealth v. Lightman, 489 A.2d 200, 203-05 (Pa. Super. Ct. 1985) (same).
III. CONCLUSION.
In concluding, the Court is not unconcerned with the apparent unfairness of requiring George to defend himself against twenty-year-old claims of sexual assault against a minor. However, after thorough review of George’s opposition, §63, and the relevant cases, this Court is constrained to hold that the indictments are not stale, and the Commonwealth’s prosecution may proceed.
ORDER
For the foregoing reasons, it is hereby ORDERED that each of defendant Richard T. George’s Motions to Dismiss the Indictments (I and II) be DENIED.

 Although George’s motion refers only to “the indictment” (Indictment No. 9777 CR-0688), the text of his motion addresses all three pending indictments. Thus, the Court assumes that George seeks to dismiss all three pending charges and will rule accordingly.

 George filed two separate but related motions. Motion I asserted that the charges were stale, as they had been brought after the statute of limitations had run and because G.L.c. 277, §63’s tolling provision did not apply. The sole issue addressed in Motion II was the constitutionality of the tolling provision. For convenience and clarity, this Court will address both motions herein.

 Wisely, George does not assert that the amendments to §63 remove the indecent assault charge from the ambit of the tolling provision. See infra at 4-6.

 The victim in this case turned sixteen at some point in 1983.

 However, this Court intimates no opinion regarding whether the tolling provision applies to the other offenses listed in §63.

 Moreover, George’s claim that the tolling provision discriminates between residents and nonresidents lacks merit. The tolling provision applies to all criminal defendants, regarding of where the make their residence. The crux of the matter is whether the defendant stays in the Commonwealth after committing a crime, or whether the defendants exits Massachusetts. Accordingly, under both the federal and state equal protection provisions, the statute need only pass the rational basis test: a rational relationship between the classification and a legitimate state interest. Commonwealth v. Arment, 412 Mass. 55, 63 (1992).
George cannot establish that the statute fails this test. See Scherling v. Superior Ct. of Santa Clara Cty., 585 P.2d 219, 225 (Cal. 1978) (holding a similar tolling provision passed constitutional muster because "detection of a crime and identification of the criminal are more likely if the criminal remains in the state than if he departs").

 See Jones, 452 U.S. at 421-22 (a rationally related qualification of the right to travel is allowed when a person commits a crime but leaves the state before arrest or prosecution).