Doerfer, J.
Plaintiffs, John K. Boudrow and Carol Boudrow (the Boudrows), bring this action against the defendant, Sears, Roebuck & Company (Sears) seeking to void a revolving credit transaction pursuant to G.L.c. 255D, §29(c). The Boudrows contend that Sears violated G.L.c. 255D, §27 by failing to make required disclosures on a sales slip for an electric dryer they purchased on credit. General Laws c. 255D, §29(c) permits the court to void a revolving credit agreement when the lender has violated G.L.c. 255D, §27. Both parties move for summary judgment pursuant to Mass.R.Civ.P. 56.
For the following reasons, the defendant’s motion for summary judgment is allowed and the plaintiffs’ motion is denied.
BACKGROUND
In January 1991, the Boudrows opened a Sears charge account. On September 1, 1991, the Boudrows purchased an electric dryer on the Sears account for $299.99. The Boudrows signed and received a sales slip as a result of the transaction. (Sears exhibit A.) The transaction created a valid purchase money security interest. On April 21, 1993, the Boudrows filed a joint voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code.[2]
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
General Laws c. 255D, §27 states in relevant part:
§§27. Revolving credit agreement; form and contents.
A. Every revolving credit agreement shall contain the following notice appearing conspicuously directly above the space reserved in the agreement for the signature of the buyer: Notice to Buyer:
(A)(1) . . .
The statute then lists disclosures that must be made to the buyer on the agreement. Some of these disclosures include informing the buyer not to sign the agreement if any spaces intended for the agreed terms are left blank and that the buyer is entitled to a copy of the agreement when it is signed. Id. at §27 (A)(1) and (2).
In the case at bar, the Boudrows assert that the disclosure requirements of G.L.c. 255D, §27 should have been contained on their sales slip. There is no dispute that the required disclosures of G.L.c. 255D, §27 were not contained on the sales slip for the dryer. The Boudrows contend they are entitled to the remedies provided under G.L.c. 255D, §29 because Sears violated G.L.c. 255D, §27.
I. Should Sears have included the disclosure requirements of G.L.c. 255D, §27 on the Boudrows’ sales slip?
The issue presented to the court is one of statutory interpretation. Where the statutory language is clear, courts must impart to the language its plain and ordinary meaning. Commonwealth v. One 1987 Mercury Cougar Auto, 413 Mass. 534, 537 (1992); see also Russell v. Boston Wyman, Inc., 410 Mass. 1005 (1991) (where the statutory language is clear, the court does not look beyond that language to interpret it). Language of the statute that is plain and unambiguous is ordinarily conclusive as to legislative intent. Sterilite *376 Corp. v. Continental Cas. Co., 397 Mass. 837, 839 (1986).
General laws c. 255D, §1 clearly and unambiguously defines the term “revolving credit agreement." The statute defines a revolving credit agreement as:
an agreement, . . . , signed by the buyer in this commonwealth pursuant to which the buyer may purchase at retail, goods or services or merchandise certificates on credit from time to time and under the terms of which a finance charge is to be computed in relation to the buyer’s balance from time to time ... A revolving credit agreement shall be deemed to be signed by the buyer if, after a request for an account, such an agreement is in fact signed by the buyer . . .
Id. (emphasis added).
General Laws c. 255D, §27 only requires that revolving credit agreements contain disclosures. Accordingly, in order for the Boudrows to prevail, their sales receipt would have to constitute a “revolving credit agreement.” Under the definition provided by G.L.c. 255D, §1 of “revolving credit agreement,” the court finds that the sales slip that the Boudrows were issued does not constitute a “revolving credit agreement” and Sears has not violated G.L.c. 255D, §27.
The definition of “revolving credit agreement” states that the buyer and seller enter into an “agreement” in which the buyer may, from time to time, purchase goods or services on credit. G.L.c. 255D, §1. The definition clearly establishes that the buyer and seller enter into one agreement which permits the buyer to make purchases from time to time. The language “from time to time” demonstrates that the buyer may consummate several purchases at different times but the transactions are made pursuant to the original agreement of the parties.
Furthermore, the definition of “revolving credit agreement” refers to the buyer using or requesting a credit account. Such language infers that the agreement establishes a credit charge account between the buyer and seller. Under the account, the buyer would be entitled to make several different credit purchases from time to time. Each purchase may constitute a credit transaction, but the language in G.L.c. 255D, §1 clearly indicates that each transaction is possible because of the original revolving credit agreement. Accordingly, the language of G.L.c. 255D, §1 provides for one revolving credit agreement between the buyer and seller which allows the buyer to enter into potentially multiple credit transactions.
The Boudrows’ purchase of the electric dryer from Sears was possible because of the agreement the parties entered into in January 1991. The sales slip does not constitute a revolving credit agreement but is merely the method used by the parties to effectively consummate transactions under the agreement. In accordance with the definition of G.L.c. 255D, §1, the sales slip that Sears issued to the Boudrows does not constitute a revolving credit agreement.
General Laws c. 255D, §27 only applies to “revolving credit agreements.” Since the sales slip Sears issued to the Boudrows does not constitute a revolving credit agreement, no disclosures pursuant to G.L.c. 255D, §27 needed to be contained on the sales slip. Sears did not violate G.L.c. 255D, §27 by not printing required revolving credit agreement disclosures on the Boudrows’ sales slip. Since G.L.c. 255D, §27 has not been violated under the circumstances presented in this case, the Boudrows are not entitled to any of the remedies outlined in G.L.c. 255D, §29. Accordingly, the court need not decide what constitutes the proper circumstances under G.L.c. 255D, §29(c) to void a revolving credit agreement.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion for summary judgment is ALLOWED and the plaintiffs’ motion for summary judgment is DENIED.

 General Laws c. 255D, §29(c) does not offer the court guidance as to under what circumstances the court may void the revolving credit agreement. As petitioners in bankruptcy, the Boudrows contend that the remedies of G.L.c. 255D, §29(c) should apply to their circumstances in order to provide them with a fresh financial start free of debt.
Additionally, both parties noted in oral argument that $299.99 is a relatively small amount in dispute, but the parties agree that the court’s ruling will have a substantial impact on several bankruptcy proceedings concerning revolving credit agreements.